### CARRICO v. STEVENSON et al.

(Court of Civil Appeals of Texas. Feb. 21, 1911.)

1. APPEAL AND ERROR (§ 105*)—FINAL JUDGMENT.

A judgment of dismissal rendered on the refusal of plaintiff to amend the petition after the sustaining of exceptions thereto is final and appealable, though the question of costs is not determined, and though it does not adjudge that plaintiff shall take nothing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723; Dec. Dig. § 105.*]

2. SPECIFIC PERFORMANCE (§ 75*) — CONTRACTS ENFORCEABLE — CONTRACT OF EMPLOYMENT.

A contract of employment to clear a large tract of land, containing complicated provisions regulating the details of the work, which must extend over a considerable time, and calling for personal services, cannot be specifically enforced at the suit of the employé, since equity could not effectively compel him to perform.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 75.*]

3. APPEAL AND ERROR (§ 737*)—ASSIGNMENTS OF ERROR—GROUPING.

The matter in assignments of error complaining of the sustaining of various exceptions to a petition in an action for damages for breach of contract, in so far as it demands specified items of damages, must be separately presented, and it is error to group the assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3030–3032; Dec. Dig. § 737.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

The statement under an assignment of error complaining of the sustaining of an exception to the petition should not only embrace the exception, but should also state the part of the petition to which the exception is addressed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. DAMAGES (§ 124*)—BREACH OF CONTRACT— MEASURE OF DAMAGES.

An employé to clear land for the compensation of the timber thereon and a specified sum per acre, who on the owner's refusal to carry on the work sues for the breach of contract and demands as damages the net profits, may not recover the value of his time and the expenses in creating a market for the timber, because they are a part of the expenses of doing the work, which must be deducted from the gross amount to arrive at the net profits.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 326–338; Dec. Dig. § 124.*]

6. DAMAGES (§ 40*)—BREACH OF CONTRACT— MEASURE OF DAMAGES.

One employed to clear land for the compensation of the timber thereon and a specified sum per acre may on the refusal of the owner to allow him to perform recover as net profits the profits resulting from the sale of the timber as against the objection that such profits are speculative.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

7. DAMAGES (§ 159*)—BREACH OF CONTRACT— MEASURE OF DAMAGES.

Where one employed to clear land for the compensation of the timber thereon and a specified price per acre was prevented from performing the work, and he sought to recover as damages the net profits from the sale of the timber, and alleged that the specified sum per acre would pay the cost of clearing away the underbrush, he could not, in addition to a recovery of the net profits, also recover the specified sum per acre.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 159.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**8. DAMAGES (§ 124\*)—BREACH OF CONTRACT— MEASURE OF DAMAGES.**

Where one employed to clear land for the compensation of the timber thereon and a specified sum per acre was led to clear the timber on land belonging to a third person, he was entitled to recover the expenses incurred in doing that work, but not the purchase price of articles not consumed in the work, such as teams, tools, and tents.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 124.\*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by M. W. Carrico against J. E. Stevenson and others. There was a judgment of dismissal, and plaintiff brings error. Reversed and remanded.

Lewis R. Bryan, for plaintiff in error. C. R. Wharton, for defendants in error.

REESE, J. In this case M. W. Carrico sues J. E. Stevenson and others upon a written contract containing many complicated provisions, but the salient features are that, by the terms of the contract, plaintiff was to clear a large body of land belonging to defendant, for which he was to receive as compensation all of the wood and timber taken from the land, and to be paid in addition $3 per acre for the land cleared. Defendant was to have a certain quantity of the land surveyed and marked off by a certain date preparatory to the work of clearing to be done by plaintiff, and by certain other dates other portions of the land. Plaintiff alleged that he at great expense made preparations to do the work, and that defendant had refused to carry out the contract, or to allow him to do so. It is also alleged that defendant had pointed out, as part of the land to be cleared, a tract of 2,000 acres, and plaintiff had, at great expense to himself, performed certain work in clearing this land, when he found that it did not belong to defendant, and he received nothing for his work. The petition with much detail sets out the profits he would have received if he had been allowed to do the work, consisting of the net price which he would have been able to realize from the sale of the cordwood cut from the land and from such logs as were suitable to be manufactured into lumber, amounting to over $100,000. Plaintiff prays that defendant be compelled specifically to perform the contract, and, in the event that he be not entitled to this remedy, that he have damages for the loss of profits, and also for the amount expended by him in the work of clearing the 2,000 acres pointed out by defendant, which, in fact, did not belong to him. Various exceptions were made to the petition and to certain portions thereof, nearly all of which were sustained by the court, and, the plaintiff declining to amend, the cause was dismissed, from which judgment the plaintiff appeals.

There is no merit in appellee's contention that the judgment rendered is not such a final judgment as will support an appeal. The cause was dismissed, and that put an end to the case as effectually as it could be done. That there was no judgment as to the costs, or that plaintiff take nothing, did not operate to render the judgment of dismissal any less a final judgment. R. R. Com. of Texas v. Weld & Neville, 95 Tex. 283, 66 S. W. 1095; Land & Loan Co. v. Winter, 93 Tex. 563, 57 S. W. 39.

There was no error in sustaining exceptions to appellant's prayer for specific performance. We doubt whether the nature of the contract on the part of appellee is such as would authorize a decree for specific performance, where it is apparent that a suit for damages for the breach will afford appellant full relief. 6 Pom. Eq. (3d Ed.)—2 Pom. Eq. Rem.—§ 744. But we think it is an insuperable objection to the relief by specific performance prayed for by appellant that, on account of the nature of the work required by the contract to be done by him, the court could not properly compel him to perform it. It is entirely clear that the court could not properly compel appellant to perform his part of the contract. It involved, not only personal service by him, but, independent of this, the character of the work to be done, that is, the clearing of a large body of land, about 25,000 acres, as stated in the contract, which by the terms of the contract was to extend over a considerable period of time, with many complicated provisions regarding the details of the work, would require of the court such supervision of the work to be done by appellant as it could not properly undertake. We think that it is universally held that a court of equity will not undertake to decree specific performance of contracts of this nature. 6 Pom. Eq. Juris. (3d Ed.) §§ 757–760. This is not controverted by appellant, but he seeks to avoid the application of this principle upon the ground that he is ready, able, and willing and offers to perform. This is not sufficient for appellee's protection. If the contract on the part of a plaintiff who seeks this remedy is not such as he can be compelled to perform, if he has in fact done so. he would be in a position to require specific performance on the part of the defendant, who would not be allowed to defend on the ground that plaintiff could not, on account of the nature thereof, be compelled to perform his part, but that is as far as the plaintiff's rights extend on this point. "Before plaintiff has performed the personal service, he could not have specific performance, but after his part is executed he can get the land." 6 Pom. Eq. Juris. (3d Ed.) 771. That equity will not compel one party to a contract to perform, where it cannot also compel specific

performance by the other party, is, we think, well settled. 6 Pom. Eq. Juris. § 769 et seq.; Waterman, Sp. Perf. § 198; Redwine v. Hudman, 133 S. W. 426; Marble Co. v. Ripley, 77 U. S. 359, 19 L. Ed. 955. We might with propriety decline to consider any of the other assignments of error on account of the manner in which they are presented in appellant's brief. Four of them are presented in one group and three of them in another, with a proposition and what is denominated a subproposition under each group. The matter in the several assignments should have been presented separately. The questions involved in the several special exceptions, the sustaining of which is made the basis of the several and separate assignments of error thus grouped, cannot properly be covered by one general proposition, as is attempted to be done. The statement also under each group is insufficient. This statement should embrace not only the exception, but that portion of the petition to which it is addressed, and, if the pleader relies upon the preliminary statement for this, there should be reference to this preliminary statement. Small attention seems to have been paid to the rules in preparing the brief. We understand, however, that this court is vested with some latitude of discretion in this matter, and in the exercise of such discretion, in view of the fact that it is apparent from the brief as a whole that the learned trial judge was in error in his rulings as to some of the exceptions, and the questions presented relate solely to the rulings sustaining exceptions, which, with the petition, are set out in full in the brief, we have concluded to consider the assignments relating thereto.

There was no error in sustaining exception "c" to the petition. Appellant's time, which he values at $300 a month, was a part of the expenses of doing the work, and must be deducted from the gross amount which he would have received in order to arrive at the net profits, which he claims in another part of the petition. The same must be said also as to exception "d," which questions the right to recover $500 expended in creating a market for the product. We are of the opinion that the damages sought to be recovered as net profits arising from the sale of the cordwood and the ash and elm logs under the decisions of this court are not too remote, uncertain, and speculative, and that the trial court erred in sustaining special exception "e" to the eighth paragraph of the petition setting up this claim. By the terms of the contract appellant was to have all of the wood and timber cut on the land, which was much the most important part of the consideration to him. In paragraph 8 of the petition he alleges with great particularity the amount of cordwood he could have cut, also the amount of elm logs and ash logs suitable to be manufactured into lumber, the gross price he would have received from each of said items and the cost of cutting, preparing for market, and placing upon the market of each of said items, in fine, a detailed statement from which it could be seen what his net profits would have been if he had been allowed to carry out his contract, and appellee had not breached it. It is alleged that the $3 per acre appellant was to receive in addition to the wood and timber would have paid the cost and expense of clearing away the underbrush. It was alleged that appellee fully understood that appellant was to receive his compensation by selling the cordwood and timber, and that the loss of such profits in case of a breach was fully in the contemplation of the parties.

In Fraser v. Mining Co., 9 Tex. Civ. App. 213, 28 S. W. 715, cited by appellee, the court says: "But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to the amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach." And it is stated that the rule referred to applies to such damages as are not the result of the breach, and not to those which, although the certain result, are uncertain in amount. It is also stated that damages may be so uncertain, contingent, and imaginary as to be incapable of adequate proof, and therefore they cannot be recovered because they cannot be proved. Judged by this rule, according to the allegations of the petition, the damages claimed are recoverable. They may be difficult of accurate ascertainment, but that does not bar the right of recovery. Waco Tap. R. R. Co. v. Shirley, 45 Tex. 372–373; Railway Co. v. Hill, 63 Tex. 385, 51 Am. Rep. 642; Dickson Car Wheel Co. v. Reagan Round Bale Co., 121 S. W. 534, and cases cited; Dickinson Creamery Co. v. Lyle, 130 S. W. 906.

There was no error in sustaining exceptions to that portion of the petition claiming $45,-000, being the price agreed to be paid (at $3 per acre) for clearing the 15,000 acres of land, for the reason that in the eighth paragraph of the petition, in stating the cost of doing the work, it is alleged that this $3 per acre would have paid for removing the underbrush, etc., which was a part of the work to be done, and necessarily a part of the cost to him of getting out the cordwood and logs. If appellant was allowed to recover this sum as an independent item of damage, he would be required to add $3 per acre to the other expense in getting out the cordwood and logs. This item is really covered in the eighth paragraph in arriving at the net profits from sale of cordwood and logs.

We are inclined to think that exceptions "h," "i," and "j" to that portion of the petition which claims $2,265.40 expenses incur-

red in clearing the 2,000 acres of land which did not belong to appellee were well taken. These expenses are not alleged with sufficient particularity. Reference is made to an itemized statement called a "clearing account," but it is not shown what connection many of these items had with this work, and it is difficult to understand how they could be properly counted in as such expense Expenses incurred for the purchase of such articles as teams, tools, and tents, which were not consumed in the prosecution of the work, could not properly be counted in. This part of the petition should show with particularity the connection of these various items with the prosecution of this work, and that they were reasonable and necessary for that purpose.

Exception "k" was not ruled on by the court.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.