### GALBREATH et al. v. FARRELL.
### (No. 8758.)

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1923. Rehearing Denied March 17, 1923.)

1. **Specific performance ⬉6 — Affirmative promises by one party will not be enforced unless affirmative promises by the other may also be enforced.**

Before a court of equity will enforce affirmative promises made by defendant in behalf of plaintiff, it must also be able to enforce affirmative promises made in behalf of defendant.

2. **Specific performance ⬉6—Agreement for undivided interest in land held unenforceable where consideration was personal services to be rendered in the future.**

Where alleged tenants in common sought to compel a cotenant in whose name title to the property had been taken to perform his agreement under which plaintiffs were to have each an undivided third interest in the property, plaintiffs to pay for their share in the land by personal services to be rendered in the future, the contract was not one which a court of equity could enforce, since the agreement to perform services would not have been enforceable as against plaintiffs.

Appeal from District Court, Dallas County; J. E. Gilbert, Judge.

Suit by W. V. Galbreath and another against H. T. Farrell. Judgment for defend-

ant on demurrer, and plaintiffs appeal. Affirmed.

See, also, 221 S. W. 1015.

Lassiter & Harrison and R. M. Rowland, all of Fort Worth, for appellants.

W. L. Crawford, of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

JONES, C. J. This suit was brought in the district court of Dallas county by W. V. Galbreath and L. B. Comer, appellants, against H. T. Farrell, appellee, to establish and recover certain equitable interests in a tract of land consisting of 132 acres, fully described in the petition and situated in Dallas county, Tex., and to recover damages for the wrongful detention of said land. Appellants are resident citizens of Tarrant county, Tex., and appellee is a resident citizen of Collin county, Tex.

Appellants' pleadings consist of a first amended original petition and a trial amendment. Appellee's pleadings consist of a general and various special exceptions and a general denial and plea of not guilty. The court below sustained the general demurrer to appellants' cause of action as set out in their pleadings, and, on their declining to amend, the suit was dismissed, and their appeal perfected to this court.

Omitting the formal parts and the description of the land, appellants' pleadings are as follows:

"That on or about April 11, 1917, plaintiffs were each lawfully seized and possessed of an undivided one-third interest in and to the land and premises hereinafter described, holding same in fee simple; that each of the plaintiffs is still the absolute and beneficial owner of such one-third interest in said land in fee simple, and is entitled to the possession and enjoyment of the same; that on or about the day and year last aforesaid the defendant, who is the owner of the other undivided one-third interest in said land, entered upon said premises and ejected plaintiffs therefrom and excluded plaintiffs from the exercise of their rights as tenants in common of said premises, and does now unlawfully withhold from the plaintiffs the possession of said premises and of every part thereof, to plaintiffs' damage $50,000. * *

"That ever since the time of the trespass hereinbefore alleged the defendant has deprived plaintiffs, and is still depriving them, of the rental value of the two-thirds interest in said premises owned by them, which rental value of said two-thirds interest is the sum of, to wit, $12,000 a year.

"That before defendant purchased the land above described he agreed with plaintiffs, for valuable and sufficient considerations, that he would do so, agreed that he would have the legal title conveyed to himself alone, and agreed that (though the deed was to be made as aforesaid) he and the plaintiffs should in fact have and enjoy equal interests and rights in said land, each owning an undivided one-third interest therein; that said agreement was carried out so far as the acquisition of the land

was concerned, and, when the legal title thereto was conveyed to defendant, it came to him impressed with the express parol trust in favor of plaintiffs, by virtue whereof they became and still are the equitable and beneficial owners of two-thirds of the land, each having an undivided one-third interest therein; that said land contains as a part thereof extensive deposits or beds of gravel of good quality and great value, which fact was known to plaintiffs and defendant before the purchase of the land, and constituted the chief inducement to its acquisition by the parties to this suit, it being their plan and purpose to connect such gravel beds with transportation facilities and develop and exploit such gravel beds and derive large profits therefrom, which plan is entirely feasible and could now be fully carried out with great profit to all three of said parties; that defendant, however, now fails and refuses to carry out said plan or permit same to be done, and is seeking to repudiate said trust, and is showing a disposition to question plaintiffs' rights and interests as above stated, and is wrongfully excluding plaintiffs from the possession and enjoyment of any part of said land, to their great damage as aforesaid.

"Wherefore plaintiffs pray that the defendant be cited to appear and answer this petition; that on the trial hereof plaintiffs have the restitution of said premises according to their respective interests as above set out; that plaintiffs have judgment for their rents, damages, and costs of suit; and that they have all such other and further relief, both legal and equitable, as to the court shall seem just and proper."

To this petition appellee leveled a general and eight special exceptions. Appellants then filed the following trial amendment:

"Plaintiffs show unto the court that the defendant agreed that he would obtain the land mentioned in this suit and pay the entire purchase price of same himself and have the legal title to said lands conveyed to him alone, and agreed with the plaintiffs that, although the deed was to be made in his name, he and the plaintiffs should in fact have and enjoy equal interests and rights in said lands; that the consideration for and upon which defendant so agreed with the plaintiffs was that the plaintiffs agreed with the defendant that they would assist in making contracts for the development of a gravel pit on said lands and for opening up, handling, and operating same; that they would procure or make the necessary arrangements to obtain the necessary rails, ties, and bridge to build a spur track to connect the main line of the Texas & Pacific Railway in and to said gravel pit, and would procure and assist in procuring a track connection from said spur track to the main line of said Texas & Pacific Railway, and that the plaintiffs would assist in selling the gravel from such pit, and after the same was in operation would take charge of the same and manage and supervise the operation thereof, either personally or by making contracts with others for such operation, until such time as the gravel should be exhausted or practically exhausted from said land. In this connection the plaintiffs say that the defendant was, and for a long time had been, acquainted with the plaintiffs, and knew that the plaintiffs had for many years been engaged in the various

branches of railroad operation, and that they were on friendly terms with railroad officials and could procure concessions by reason thereof, and that plaintiffs' services in procuring the necessary rails, ties, and bridge and the railroad connection necessary for the operation of such spur track would be of great value to the defendant and the enterprise in question.

"Plaintiffs say that they faithfully performed their part of said agreement in so far as procuring rails, ties, bridge, and railroad connection were concerned, and were ready and willing and would have performed all other parts of said agreement, except for the repudiation by the defendant of the plaintiffs' rights and interest in said lands and his refusal to permit them further to perform their agreement with the defendant with respect to the operation of said gravel pit.

"That plaintiffs are still ready and willing, if permitted by defendant, to fully perform all things agreed to in the agreement between them and the defendant.

"Plaintiffs hereby reaffirm all of the allegations contained in their said first original amended petition, and pray as therein set out."

To this pleading appellee filed a supplemental answer, the exceptions contained therein being as follows:

"Now comes the defendant, leave of the court being first had, and files this, his supplemental answer, and against plaintiffs' petition and trial amendment he now urges each and all of his general and special exceptions contained in his first amended original answer as fully as if herein set out at length, and for other and further special exception defendant says that plaintiffs' petition and the trial amendment thereto are insufficient, in that it appears from said trial amendment that a necessary, material, and substantial part of the consideration for the alleged promise made by plaintiffs to defendant was the rendition, and continued and indefinite rendition, of services by defendant to plaintiffs, and in carrying out the alleged agreement it is not within the power of equity to enter a decree forcing plaintiffs to render such services; and hence it cannot render a decree divesting any title or interest in the land out of defendant and vesting it in plaintiffs. Wherefore defendant prays the judgment of the court.

"Defendant further excepts to plaintiffs' first amended original petition and trial amendment, for the reason that the same show on their face that a court of equity is without power to enforce the performance by plaintiffs of the agreement and promise alleged by plaintiffs to have been made by plaintiffs to defendant as a substantial and material part of the alleged contract relied upon by plaintiffs herein; and of this the defendant prays the judgment of the court.

"Defendant further excepts to plaintiffs' first amended original petition and to plaintiffs' trial amendment, because same do not disclose a contract of such character as could by the court be mutually and completely enforced as to plaintiffs and defendant; and of this the defendant prays the judgment of the court.

"For answer to plaintiffs' first amended original petition and trial amendment, defendant denies all and singular the allegations of the same, and says that he is not guilty of the wrongs and trespasses complained of therein.

"And defendant hereby reaffirms all of the allegations contained in his first amended original answer, and prays as therein set out."

The trial court sustained the general and all special exceptions, but, in our view of the case, none need be considered except the three exceptions above copied, and his other exceptions are not set out.

An analysis of appellants' pleading shows that the parties hereto agreed to purchase the tract of land in question for their joint use and benefit, appellee to pay the purchase price of the land and take the legal title, and appellants to have each a one-third interest in said land and pay appellee for same in personal service. There was located on said land extensive gravel beds of good quality and great value that could be exploited with large profits to each of the parties. The personal service to be rendered by appellants contemplated that they, by reason of their close relation to certain railway officials, would secure the building of railway sidings connecting the gravel beds with the main lines of the railway. They were also to assist in making contracts for the development of the gravel and to assist in handling and operating same, and in making contracts to sell the gravel. After the gravel beds were put in operation, they were to take charge of and manage the same and to supervise all operations in reference to said gravel beds until such time as the gravel should become exhausted. Appellants performed their part of said agreement in so far as procuring rails, ties, bridges, and railroad connections were concerned, and alleged they were ready and willing to perform their other duties under the contract, and would perform same, if permitted to do so, but that they could not do so because appellee had repudiated the contract and had excluded them from the land and had denied their interest therein.

It will therefore be noted that a substantial part of the consideration to move from appellants to appellee in payment for the land consists of personal service to be performed by appellants in the indefinite future.

Appellants claim that, by virtue of the oral contract entered into before the purchase of the land and the passing of the legal title to appellee, the parties each became equitable owners in a one-third interest in the land when it was purchased and the title taken in the name of appellee. They contend that they come clearly within the rule of those cases, of which Gardner v. Randell, 70 Tex. 453, 7 S. W. 781, is a representative. The doctrine there announced is:

"A parol contract by which two or more persons agree to purchase land for their joint benefit, the title to be taken in the name of one, is valid at common law, and is not prohibited by our statutes, and hence may be enforced here without reference to the question whether

the consideration be paid by the cestui que trust at the time the deed is taken or not."

In that case Gardner and Randell had agreed to purchase a house and lot in the city of Denison and become equal joint owners. The owner, it seems, lived in the state of Colorado, and Gardner went to see him, agreed with him on terms, by which he paid the owner $500 and took a bond for title in his own name, agreeing that the remainder of the purchase money should be paid within a stipulated time. When the time came for the payment of the remainder of the money, Gardner agreed with Randell that he would pay the entire amount of the purchase price and take title in his own name and Randell should repay him his portion of the expenses and his part of the purchase price within 90 days, when he would be given title to a one-half interest. Just before the expiration of the 90 days, Randell tendered to Gardner the money representing the amount to be paid by him under their agreement. This Gardner refused to accept, and denied Randell's interest in the land. Randell brought suit to recover his one-half interest in the land, and recovered judgment therefor under his oral contract. The judgment entered, as shown by certified copy on file in this case, decreed him a one-half interest in the land, on the condition that he should pay to Gardner his proportionate part of the purchase money and the expenses incident to the purchase, within a specified time.

It will be noted in the reported case that the decree entered was full and complete and gave to each party full and complete relief. Before Randell could have his equitable title to one-half of the land changed to a legal title, he was required by the court to perform the entire consideration by paying to Gardner the entire amount due him under the oral contract; in other words, the court gave to Randell full and complete relief, but, at the same time and in the same decree, gave to Gardner full and complete relief. The contract, executory before the decree, was required to be fully executed by both the parties.

[1] As we understand the rule under the authorities in cases of this kind, before a court of equity will enforce affirmative promises made by defendant in behalf of the plaintiff, it must also be able to enforce the affirmative promises made by plaintiff in behalf of the defendant. Such court never deems it wise or just to enforce one or more of the promises in a contract until it can enforce all of the contract outstanding at the time of the suit, including the promises of the plaintiff as well as those of the defendant. Northern Texas Realty & Construction Co. v. Lary (Tex. Civ. App.) 136 S. W. 843; Williston on Contracts, vol. 3, § 1430.

In the case at bar appellants pray that a decree be entered adjudging each of them to be a one-third owner of the land, the full purchase price of which was paid by appellee, on the consideration that they will perform, in the indefinite future, the personal services they agreed to perform when the contract for the purchase of the land was made between them and appellee. They ask for this relief on the theory that, by virtue of the contract, they became the equitable owners of such an interest in the land. Did they become such equitable owners? The answer to this question must be determined by testing their contract in the light of whether or not it is such a contract that a court of equity, as distinguished from a court of law, in the exercise of its well-recognized powers, can enforce. Hill v. Moore, 62 Tex. 610.

The case of Gardner v. Randell, supra, presented a contract that the courts of equity could enforce, by granting in the decree full and complete relief to both plaintiff and defendant, and all the cases in our knowledge within this state, where a parol trust on land in favor of an equitable owner has been allowed, presented either such a contract or one like the case of Schultz v. Scott (Tex. Civ. App.) 210 S. W. 830. In that case, though the contract was executory and comprehended the consideration of personal service by Scott in payment for his interest in the land to be purchased, still, at the time suit was brought Scott had fully performed this service, and his part of the contract was then executed, and the court at the time of trial could do complete justice to both of the contracting parties. It is not sufficient to the ends of justice that appellants simply declare their willingness and ability to perform their part of the contract; there must be the ability of the court to enter a decree that compels such performance on their part. In the instant case it might require long and minute supervision by the court to secure for appellee the enforcement of appellants' duties under their contract. If the court should attempt to do so, it might involve it in too serious an infringement of personal liberty to be tolerable. If the court in this suit should divest appellee of title to two-thirds of the 132 acres of land, the decree would leave him with only his common-law remedy of damages, as his sole security for performance of the consideration on the part of appellants.

[2] We therefore conclude that appellants, not alleging a contract that a court of equity in the exercise of its well-recognized powers can enforce, have no equitable interest in the land, and the court did not err in sustaining the general demurrer to appellants' petition and trial amendment.

Appellants do not show by allegation that appellee cannot be made to respond in damages in a suit at law for that portion of the consideration that they have performed, and

their suit, therefore, presents no unusual condition that would especially appeal to a court of equity to interfere in order to secure them against loss for services already performed under the contract.

Finding no error in the ruling of the lower court, the judgment is affirmed.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 11, 1923.