CONSOLIDATED INDEMNITY INS. CO. v.
SMITH et ux.

No. 9260.

Court of Civil Appeals of Texas. San
Antonio.

Feb. 14, 1934.

On Rehearing June 27, 1934.
Further Rehearing Denied Aug. 1, 1934.

Terrell, Davis, Hall & Clemens and W. D.
Masterson, Jr., all of San Antonio, for appellant.

H. D. Barrow and R. R. Smith, both of
Jourdanton, for appellees.

SMITH, Justice.

The real property involved in this action consists of a tract of land situated in the town of Charlotte, in Atascosa county, together with a cotton gin in operation thereon.

It is conceded, and the trial court adjudicated the fact to be that throughout the transactions here involved and the proceedings had thereon the Tullis Cotton Oil Investment Company, a corporation, was, and still is, the owner of the fee-simple title to said property.

The record further shows, through jury findings, that, during the early part of the year 1929, Needham Smith and wife, Leonora, "made an agreement with R. A. Tullis," alleged to be the president of the investment company, "whereby the said Needham Smith and his wife were to operate" said gin, "and receive as part of his or their compensation for such services one-fourth of the net profits derived from the operation of said gin, which said one-fourth of said net profits to be applied as payment on the purchase money for a fourth interest in said gin"; that no such agreement was made to cover the Smiths' like services for the years 1930 and 1931, but that they did make an agreement with Tullis "whereby Needham Smith was to receive $100 per month salary for the full calendar year 1933" (presumably 1931), and "said R. A. Tullis agreed to pay Mrs. Needham Smith a salary of $50 per month for a period of five months during the calendar year 1931."

On July 20, 1931, the investment company brought this action in trespass to try title to recover of the Smiths the title and possession of the gin and premises, and thereupon had the property seized under writ of sequestration, upon a bond executed by the corporation as principal and the Consolidated Indemnity Insurance Company as surety.

Subsequently, the writ of sequestration was

quashed at the instance of the Smiths, who answered in the main suit and by way of cross-action impleaded the indemnity company and sought recovery against both companies upon the sequestration bond for the amount of the unpaid salaries as for wrongful sequestration.

Upon a trial, the court below rendered judgment decreeing title in the investment company, holding that the Smiths were entitled to possession to January 1, 1933, and awarding them damages for $950 (the amount of the unpaid salaries) upon the sequestration bond, as against both the investment company and the indemnity company, with judgment over in favor of the latter against its principal. The indemnity company alone appealed.

■■ At the outset we are confronted with appellant's proposition that the trial court erred in quashing the sequestration proceeding. The proposition will be overruled. One of the several grounds of appellees' motion to quash was that the affidavit for sequestration did not "identify, locate and describe" the property sought to be sequestrated, and that there was in fact no such lot, tract, or block of land as that described in the affidavit, in the town of Charlotte, the location fixed in the affidavit. The record does not disclose upon what asserted ground, or grounds, the writ was quashed, and so, if either was well taken, the order thereon must be upheld. The objection that there was in fact no such property as that designated in the affidavit was good, if established. The objection raised an issue of fact, upon which it appears that evidence was heard and the issue resolved against appellants. As that evidence was not brought up in a statement of facts or otherwise, this court cannot pass upon its sufficiency, but must accept the trial court's ruling thereon. We therefore overrule appellant's first proposition, with which their propositions 2 and 3, dependent thereon, must fall.

The ultimate effect of the findings of jury and judge and the implied findings as restricted by the terms of the judgment limiting recovery to appellees except for current "salaries" in 1931 and decreeing title and possession in the gin company, was to adjudicate the relation of appellees and the company as that of employer and employee, whereby the former simply employed the latter to operate the gin in 1931 upon the salaries stipulated, to be paid out of the revenues to be derived from such operation. In short, the gin company simply engaged the personal services of appellees for a stated period at stipulated monthly salaries, and breached the contract

before its expiration by its own terms. That is the case made, and all of it.

The right of occupancy of the premises by appellees was but an incident to their employment, to enable them to perform the services required of them in that employment, and ceased with the termination of those services.

■■ Contracts for purely personal services, such as in this case, are always terminable at the will of either party. If wrongfully terminated, the remedy of the aggrieved party lies in damages as for a breach, and never for specific performance.

■ Giving effect in this case to the rules stated, which are elemental, the contract here sued on being for personal services, the gin company had the power, if not the right, to terminate it at will, and, having so elected, its right of exclusive possession, as the conceded owner of the premises, became absolute.

In such case the discharged employee cannot complain of the ensuing eviction, unless, indeed, the process of eviction is accomplished by tortious acts, resulting in injury to the employee, which is not claimed by appellees here.

■ The ultimate effect of these conclusions is that appellees were relegated to the sole remedy of damages for breach of the contract of employment. That remedy does not arise from, and is not related to, the process of sequestration, and therefore appellees have no recourse upon the sequestration bond for that damage.

Appellant concedes, however, that, as the writ of sequestration was wrongfully issued, it is technically liable on the bond, as for nominal damages, which this court is authorized to assess, and does here assess in the sum of $1 and costs of suit.

The judgment in favor of appellees against the investment company will not be disturbed, but, as against the indemnity company, as surety, the judgment will be reformed and the amount of recovery against it will be reduced to $1, with judgment over in its favor against the investment company for a like sum, and, as so reformed, the judgment will be affirmed, with the costs of appeal taxed against appellees and of the trial court against the investment company and indemnity company, jointly.

Reformed and affirmed.

On Appellees' Third and Appellant's First Motions for Rehearing.

We have concluded that the original disposition of the appeal, and the opinion there-

on, were right, and should be adhered to. Accordingly, the subsequent opinions, rendered on March 28, 1934, and May 9, 1934, will be withdrawn, appellees' third motion for rehearing will be overruled, appellant's first motion for rehearing will be granted, the order of May 9, 1934, for reversal and remand will be set aside, and the judgment appealed from will be reformed and affirmed as provided in the original opinion.