## BIRDVILLE INDEPENDENT SCHOOL DIST. et al. v. DEEN.

### No. 13663.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 18, 1938.

Rehearing Denied March 25, 1938.

W. L. Coley and John T. White, both of Fort Worth, for appellants.

Houtchens & Houtchens and J. Harold ·Craik, all of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff, R. A. Deen, sued Birdville Independent School District of Tarrant County, Tex., and Tom Bussey, R. H. Kings-·bury, Ed Hovencamp, Ray Booth, R. M. Reeves, L. A. Box, and Mac Brooks, as its trustees, in a district court of Tarrant ·county, upon a written contract alleged to have been made by and between plaintiff and the Birdville Independent School District, at a time when some of the above named trustees were members of the board. For convenience, we shall refer to the parties, insofar as practicable, as they appeared in the trial court.

Plaintiff's petition covers forty pages of the transcript, but as touching the points involved in this appeal, we think it sufficient to say it contained allegations to the effect that defendant district was duly incorporated as such, and that on April 7, 1936, plaintiff entered into a written contract with the then board of trustees, acting for the district, by the terms of which he was employed as super-·intendent of the schools of the district for a term of two years, beginning July 1, 1936, at a salary of $2,000 per year, ·payable in equal monthly installments. That thereafter, on April 13, 1936, at a meeting of the Board of Trustees, the ·contract of employment was ratified and confirmed; that plaintiff accepted the employment and was in no way disqualified from performing the duties as such superintendent; and that shortly prior to the date for opening the term of school for 1936-1937, he presented himself to the board and signified his desire to perform the ·contract, and thereafter held himself in readiness to do so. That on about June 1, 1936, the defendant district, acting by and through its then Board of Trustees, notified plaintiff it considered his contract void and it would thereafter be treated as of no force and effect; that plaintiff, upon receipt of said notice, advised the defendants in writing that he was unwilling to cancel his contract, but would insist upon its fulfillment. Allegation is made that plaintiff appealed from the ruling of the Board of Trustees to the State Superintendent of Public Instruction, and that he, having heard all parties, ruled that the contract was valid and binding; that thereupon, the defendant district appealed to the State Board of Education; and that said Board of Education, without reviewing the records appertaining to the matter, by a divided vote, overruled the decision of the State Superintendent of Public Instruction, and that said board held the contract between plaintiff and the defendant district was void and unenforcible. Plaintiff specifically referred to the order of both the State Superintendent and the Board of Education, and stated they were made a part of the petition for all necessary intents and purposes.

There has been some difficulty on our part in arriving at the real nature of plaintiff's cause of action; whether it be one for specific performance of the alleged contract, or whether it is for damages arising from its breach, by defendants.

A fair summary of the prayer, contained in the amended petition upon which the case was tried, is: For a finding by the court that the contract is valid and binding on all parties, for judgment for damages in the sum of $4,000, "and the same to be ordered and directed paid, as provided under the terms of the contract, * * * the same constituting plaintiff's salary, as provided in said contract"; for a temporary injunction restraining defendants from expending the moneys in their hands for other purposes than the payment of plaintiff under the terms of his contract; and for a writ of mandamus requiring defendants to pay plaintiff out of said moneys as the same accrues, under the terms of the contract.

Defendants answered by general demurrer, and several special exceptions, the latter going mainly to the right of plaintiff to recover because the petition disclosed that all matters at issue were de-

termined by the State Board of Education and that the board's actions were final, and for these reasons the court was without jurisdiction. A general denial was interposed along with many special pleas in defense; but in the view we take of a proper disposition to make of this appeal, we deem it unnecessary to mention them here.

The case was tried to a jury on special issues, raised by the defenses urged by defendants, to the validity of the contract. The answers were favorable to plaintiff, and the court entered a judgment which, omitting those parts not thought necessary to set out here, reads as follows:

"And thereafter on November 6, 1936, came on to be heard the motion of the plaintiff for judgment herein, and it appearing to the court from the undisputed evidence that prior to the execution of the contract herein sued upon the plaintiff R. A. Deen was duly qualified in every way to fulfill and carry out the terms of such contract, and it further appearing to the court by agreement of all parties that the said plaintiff R. A. Deen duly accepted the terms of said contract in writing and in accepting the same acted in good faith; and

"It further appearing to the court from the verdict of the jury that at the time the trustees of the Birdville Independent School District executed said contract that each of such trustees had received the usual and customary notice of such meeting as to where and when such meeting was to be held, and that at the meeting of the Board of Trustees at which said contract was entered into that the trustees of the Birdville Independent School District at such time and place held and conducted such meeting in the usual and customary manner in the transaction of the affairs of the said Birdville Independent School District;

"It is, therefore, the opinion of the court that the contract herein sued upon is an outstanding and valid contract, binding alike to the Birdville Independent School District and the plaintiff R. A. Deen, in all of its terms and provisions, and that plaintiff's motion for judgment should be granted.

"It is, therefore, ordered, adjudged and decreed by the court that said contract be, and the same is hereby, declared to be a valid, existing contract between the plaintiff R. A. Deen and the Birdville Independent School District, binding alike in its terms upon both parties to said contract.

"It further appearing to the court that the question of a breach of said contract is not an issue in this case and that no amount is specifically prayed for by the plaintiff, the question of any breach of the terms of said contract or the failure of any payment thereunder is in no way considered or determined by the judgment of this court.

"It is further ordered, adjudged and decreed by the court that the plaintiff's application for a mandamus and writ of injunction be, and the same are hereby, in all things denied."

We have concluded that there is no final judgment in the case from which an appeal can be prosecuted to this court, and therefore we have no jurisdiction in the matter, by which we can dispose of the rights of the parties.

█ The judgment cannot be considered an interlocutory one from which an appeal will lie. The action of the court taken on the injunctive relief prayed for by plaintiff was favorable to defendants and the appeal is not, and cannot, be predicated thereon.

█ It will be observed that the court found the contract was valid and binding upon all parties, but their rights thereunder are not in any wise disposed of. A finding that the contract was valid was only an incident necessary to a recovery by plaintiff of the relief sought under the terms of his contract, whether that relief is for specific performance or for damages. As we construe the petition, this is an action for specific performance of the contract. Much of the lengthy petition is devoted to allegations in an effort to show why the contract is valid and binding, but a finding on this point alone does not dispose of all or even the main issue in the case.

Article 2211, Rev.Civ.St., provides that the judgment of the court shall conform to the pleadings and verdict of the jury, if one is rendered, and shall be so framed as to give the party all the relief to which he may be entitled; and that there shall be only one final judgment rendered, except in cases where the law specifically provides otherwise.

█ Moreover, plaintiff's petition discloses that this is an action, in effect,.

for a specific performance of a contract for personal services, contracted to be performed over a designated period of time; that the time in which such services were to be performed had not expired when the suit was instituted, nor does it appear that any part of the contract had been performed by plaintiff. It has been held many times in this state that such an action will not lie in law or equity. This rule is based upon two theories: First, because there is a lack of mutuality in the enforcement as against both parties. In the case of Capps v. Joiner, Tex.Civ. App., 69 S.W.2d 853, 855, an action for specific performance of personal services was discussed; it was there held that because the court was without power to require the performance of personal services in consideration of an award agreed upon, the court would not require the performance by the opposing party. The court said: "Therefore, for lack of mutuality in its enforcement as to both parties, it would not lie in favor of the plaintiff. Mutuality in enforcement as to both parties is essential to support the remedy of specific performance in favor of either party. Galbreath v. Farrell (Tex.Civ.App.) 249 S.W. 277." To the same effect are the following authorities: Carrico v. Stevenson, Tex. Civ.App., 135 S.W. 260; 6 Pomeroy Eq. Juris. (3rd Ed.) 771. Second, because to enforce performance of personal services involves the supervision by the court of duties requiring special knowledge, skill, ability, training, discretion, and similar things. It is obvious that a court could not undertake to require plaintiff in this case to perform his duties as superintendent of the defendant district's schools, for two years, or for any other length of time. By his conduct he could bring about a condition which defendants would consider sufficient to justify his discharge; the determination of such a question would be for the State Board of Education, and thus pass out of any authority possessed by the court. Gragg v. Hill, Tex.Civ.App., 58 S.W.2d 150. Under other conditions, even though the court should undertake to require him to perform the contract, and he should quit, the court would be powerless to enforce its decree. See 58 C.J. p. 1056, § 300; 36 Cyc. 579; E. M. Goodwin, Inc., v. Stuart, Tex.Civ.App., 52 S.W.2d 311, affirmed by Supreme Court, 125 Tex. 212, 82 S.W.2d 632; Capps v. Joiner, supra; Consolidated Indemnity Ins. Co. v. Smith et al., Tex.Civ.App., 74 S. W.2d 139, 140.

Such action as plaintiff had, when he instituted this suit prior to the time in which his contract could have been performed, and after defendants are alleged to have breached it, was one for damages. We do not mean to be understood as determining whether or not he had a cause of action at that time, for the reason that question is not before us. From what we have said, it is plain to us that plaintiff could not require a specific performance by the defendants; this being true, he is compelled to resort to an action in law for damages. 38 Tex. Jur. p. 733, § 57; Beckham v. Munger Oil & Cotton Co., Tex.Civ.App., 185 S.W. 991, 992, writ dismissed. In the last-cited case, it is said on this point: "It is well settled that, where a contract is not capable of present performance, but the performance would require the constant supervision of the court for a long period of time, a court of equity will not decree specific performance, but will leave the parties to their remedies at law, except where the interest of the public is involved. Lone Star Salt Co. v. Railway Co., 99 Tex. 434, 90 S.W. 863, 3 L.R.A.(N.S.) 828; Carrico v. Stevenson (Tex.Civ.App.) 135 S.W. 260; Texas Railway Co. v. Marshall, 136 U.S. 393, 10 S.Ct. 846, 34 L.Ed. 385; Stewart v. White, 189 Ala. 192, 66 So. 623."

Likewise, in Consolidated Indemnity Ins. Co. v. Smith, supra, it was said: "Contracts for purely personal services, such as in this case, are always terminable at the will of either party. If wrongfully terminated, the remedy of the aggrieved party lies in damages as for a breach, and never for specific performance." We are not unmindful of the principles announced in Sanderson v. Sanderson, Tex.Com.App., 109 S.W.2d 744, but that case is clearly distinguishable, under the facts, from the one before us.

To give plaintiff's petition a most liberal construction, and say it was one for damages for a breach of the contract, still the judgment of the court from which this appeal is prosecuted, did not determine that issue. The court specifically declined to pass on that question, because, as stated in the judgment, it was not before him.

█ Plaintiff's counsel do not contend, in their brief, that the purpose of the action was one for damages for a breach of the contract. They say in their statement of the case that the action is "for the purpose of having judicially declared valid, and *enforcing* a teacher's contract entered into between Deen and the School District." His declaration that its purpose was, among other things, to enforce his contract with the defendant district, indicates, as we have previously shown, that it was one for specific performance, and not for damages for the breach of the contract.

If and when plaintiff sues for damages for a breach of his contract, it will no doubt be at a time when he will be in a position to allege and prove the true measure of such damages as he shall have sustained; but we have been unable to find an authority holding that plaintiff could maintain a suit for the purpose of having a contract declared valid, preparatory to another suit for damages, and, as stated in his brief, "leave the matter of damages to be determined in a separate suit at the end of the contract period." See Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975.

It is said in 1 Tex.Jur. p. 670, § 53: "By splitting a cause of action is meant, the division of a single cause into two or more parts for the purpose of bringing separate actions. The policy which forbids a multiplicity of suits is designed to prevent more than one suit growing out of the same subject matter of litigation, and to require parties to settle their controversies in a single suit, if practicable." In the same text, at section 55, it is said: "There can be but one recovery for the breach of a single contract, particularly where the breach is of such a nature as to put an end to the entire contract."

█ This discussion has already been extended too far, and what is here said is not for the purpose of influencing litigation that has arisen or that may arise on account of the unfortunate situation involved, but is offered solely to illustrate our reasons for concluding that the judgment entered, and from which this appeal has been prosecuted, is not a final one; but is what may in law be termed a nullity; it is ineffective as a final judgment and will not support an appeal. Article 2249, Rev.Civ.St.; Tally v. Texas Employers' Ins. Ass'n, Tex.Sup., 102 S.W.2d 180. This is jurisdictional to this court, and even though not assigned as error by either party, it is such fundamental error as we must take cognizance of.

It therefore becomes our duty to dismiss this appeal for lack of jurisdiction, and it is so ordered.