## JONES AND ANOTHER v. HOLLIDAY.

The general rule is that in order to sustain an action on a contract which is not under seal, the consideration must be averred and proved : the exceptions to this rule are promissory notes and bills of exchange, and where the promise purports on its face to have been made for a valuable consideration. There was a special demurrer in this case.

Where A gave to B an order on his agent, for the delivery of ten bales of cotton, weighing five hundred pounds each, by a certain day, and the agent accepted the order, and B sued the agent for the value of the cotton, it was held that A's request was sufficient consideration for the promise of the agent, but it was further held that A might become a party defendant, and require B to aver and prove the consideration which moved from B to him. ·

Appeal from Fort Bend. Holliday sued Jones on his acceptance of the following order, averring that it was given for a "valuable consideration :"

"Mr. Jesse Jones. Please deliver to Mr. Holliday, fifteen "bales of cotton, weighing five hundred pounds each, by the "first of November, and oblige

"September 26th, 1851.        RANDOLPH FOSTER.
        "Accepted.   J. JONES."

The defendant excepted to the petition, because it did not aver in what the alleged valuable consideration consisted ; and pleaded a general denial, and that he was but the overseer and agent of Foster; that the cotton belonged to Forter; that the order, sued for, was without consideration,

and that Foster notified him of the failure of consideration, and forbade his delivering the cotton, before the commencement of the suit; that Foster is the party really interested; and he prays that he be made a party defendant, and that he and the plaintiff litigate their respective claims. Foster intervened, and was permitted to become a party defendant; the plaintiff objecting. He also pleaded that the order was without consideration, and adopted the answer of his co-defendant. After the cause was called for trial, the defendant Foster filed an amended answer, averring that the consideration of the order, sued on, was the promise of the plaintiff to deliver to the defendant a certain horse, which the plaintiff failed and refused to do; and that the order had been obtained by the false promises and representations of the plaintiff. This answer was striken out, at the instance of the plaintiff, (because the defendant refused to submit to the terms of paying all costs that had theretofore accrued.) The demurrer to the petition was overruled. The only evidence introduced was the order sued on, and proof of the value of cotton at the time. The defendant requested the Court to instruct the jury that the order, in evidence, did not of itself import a consideration, and that to enable the plaintiff to recover, he must aver and prove a consideration; which the Court refused. There was a verdict and judgment for the plaintiff, against the defendant Jones; a motion for a new trial, which was refused; and the defendant appealed.

*Jones & Ballinger*, for appellants. It was necessary for the plaintiff to allege and prove a sufficient consideration, no value being expressed on the face of the contract, and the contract not being one that imports a consideration. (Story on Contracts, Sec. 427, *et seq.;* Wallis v. Ives, 1 S. & M. R. 307; Minor v. Michie, Walker, R. 24; Bailly v. Freeman, 4 Johns. R. 280; Beauchamp v. Bosworth, 3 Bibb, R. 115.) As to the necessity of making the allegation, see 1 Chit. Pl. 321 and note.

*N. H. Munger*, for appellee. The consideration passed between Holliday and Foster; and in a suit against Jones, no actual consideration had to be proved. That he agreed to do it, on the request of his bailor, was sufficient. Foster, as intervenor, could not make any defence, that Jones could not make, nor could he impose upon plaintiff, the burden of proving the consideration of the order which he would not have to prove against Jones. If Jones had delivered the cotton, and in settling with Foster he had objected, would Jones have to prove the consideration of the order, against Foster? A is in debt to B five hundred dollars; he settles with him and gives him an order to C, his commission merchant, for ten bales of cotton; C accepts the order, but does not deliver the cotton; A sues C; surely he does not have to prove the consideration between A and B; nor can C require it by intervening.

This is not a case in which an actual consideration had to be proved. It was implied. But the acceptance of Jones, at the request of Foster, on the presentation of the order, by Holliday, was a sufficient consideration.

The objections to the intervention of Foster should have been sustained. He had no right to intervene and set up such matters as he did; and the intervention should have been dismissed on the motion.

WHEELER, J. The question is whether, to entitle the plaintiff to recover, it was necessary for him to aver and prove a consideration for the order on which the suit was brought. A consideration is essential to the validity of a simple contract, whether it be verbal or in writing. This rule applies to all contracts not under seal, with the exception of bills of exchange and negotiable notes, after they have been negotiated and passed into the hands of an innocent indorsee. (2 Kent, 464, 5th Edit.) In contracts under seal, a consideration is implied, in the solemnity of the instrument. And bills of exchange and promissory notes are of themselves, *prima facie*

evidence of a consideration, and in this respect are distinguished from all other parol contracts. (5 Wheat. R. 277.) As to all other contracts, if the consideration be not expressed or admitted in the writing, it must be proved. (4 Pick. 71; 7 Conn. 291.) All contracts are, by the law, distinguished into agreements by specialty and agreements by parol. If they be merely written and not specialties, they are parol contracts and a consideration must be proved. (7 Term R. 350, n. (a); 9 Cow. R. 778; 4 Johns. R. 235; 5 Mass. R. 301; 1 Stew. R. 51; 4 Munf. R. 95.)

It has been held that an admission in a contract in writing, that it was made for a valuable consideration, is *prima facie* evidence of a sufficient consideration to support it. (4 Shep. R. 394.)

In the present case, however, the writing contains no such admission. Had it been expressed to be for value received, that might have been held, as an admission, sufficient evidence of a consideration to support the judgment.

The acceptance of the order was an admission on the part of Jones, that he had in his possession the cotton of Foster; and, as between them, was a sufficient consideration for the undertaking of Jones, at the request of Foster, to deliver the cotton. But as between the plaintiff, Holliday, and the defendants, we see nothing in the case to take the contract, sued on, out of the general rule, applicable to parol contracts, that the consideration must be averred and proved.

In declaring upon such a contract, the rule, under the Common Law system of pleading, is, that the consideration upon which it is founded must be stated; and must appear to be legally sufficient to support the promise, for the breach of which the action is brought. The declaration must disclose a consideration, or the promise will appear to be *nudum pactum*, and the declaration will consequently be insufficient. (1 Chit. Pl. 321; 2 McCord, R. 218; 3 Johns. R. 100; 4 Id. 235, 280.) On principle, the same specialty would seem to be required by the rules of pleading, which we have adopted.—

Where the contract affords, of itself, evidence of a consideration, it will be sufficient, to set it out, or describe it in the petition : for then the petition will disclose, in the contract itself, a sufficient consideration, *prima facie*, to support the action ; and will, consequently, be sufficient without any other statement of a consideration. But where the contract does no-afford such evidence, the consideration must be stated. The application of thes principles to the present case, would have required the Court to sustain the demurrer to the petition, and to have awarded a new trial on account of the insufficiency of the evidence.

We think it was proper to permit Fostor to become a party defendant. He was a party in interest, and, therefore, properly a party to the suit. That the plaintiff was not required to join him as a defendant in the suit, did not deprive him of the right, if he saw proper, to become a party. But, for the reasons before stated, we are of opinion that the judgment be reversed and the cause remanded.

Reversed and remanded.