### JAKE LITCHENSTEIN v. J. T. BROOKS.

#### No. 2640.

1. **Breach of Contract for Hire—Cause of Action.**—The breach of contract for hire for a term by the hirer gives to the discharged employe a right of action for damages., Such right of action can not be divided into several suits, as for wages per month at the contract price.

2. **Same—Remedy.**—Suit for damages for the breach of such contract may be brought at any time before the cause of action is barred by limitation, either before or after the expiration of the time that the contract was made for. There can be but one recovery.

3. **Injunction.**—After one recovery further suits upon the cause of action may be restrained by injunction.

APPEAL from Hopkins. Tried below before Hon. John L. Sheppard. The opinion states the case.

*Peteet & Crosby,* for appellant. — 1. The contract between appellant and appellee was not an entire contract, but was apportionable and divisible. Carroll v. Welch, 26 Texas, 147; Meade v. Rutledge. 11 Texas, 44.

2. The measure of damages for a breach of contract for services for a given period of time can not be estimated or determined or ascertained for any time subsequent to the bringing of suit, or at least subsequent to judgment. 2 Suth. on Dam., pp. 471, 472; 1 Suth. on Dam., pp. 196, 197, 199, 202; Keener v. Duff, 66 Texas, 184; Strauss v. Meertief, 38 Am. Rep., 8; 8 Wait's Act. and Def., 300, 301.

3. Appellant could bring suit for each month's salary where employment was for several months, a breach of contract occurring. 1 Ct. App. C. C., sec. 290; 2 Ct. App. C. C., sec. 322; Strauss v. Meertief, 38 Am. Rep., 8; 8 Wait's Act. and Def., pp. 300, 301.

4. Appellant could not have brought suit for an amount that might never have existed. 2 Suth. on Dam., pp. 471, 472; 1 Suth. on Dam., pp. 196, 197; Keener v. Duff, 66 Texas, 184.

*E. B. Perkins* and *Leach & Templeton,* for appellee. — 1. But one

suit can be maintained between the same parties on the same cause of action.

2.   For the breach of a contract but one cause of action accrues.

3.   A judgment final recovered in a suit for damages for the breach of a contract is *res adjudicata* of the entire cause of action, and is a bar to any other action in relation thereto.

4.   On the breach of a contract of employment by the employer, where the wages of the employe are payable monthly, but one suit for damages for the breach can be maintained; and one recovery is a bar to any other action for the breach.

5.   An injunction will lie to prevent a person from being harrassed by a multiplicity of suits where the plaintiff has no real cause of action, and the suits are on the same cause of action; and this is especially true where the courts of last resort would have no jurisdiction of such cases on appeal.   Railway v. Dowe, 70 Texas, 1, 5; 1 Suth. on Dam., 175, 176, 187, 190.

HENRY, ASSOCIATE JUSTICE.—Appellant was employed by appellee to work in his store from the first of March, 1888, until the first of January, 1889.

The wages were to be paid monthly at the end of each month.

The contract was performed by both parties until the 16th day of June, when appellant was discharged, without cause so far as the record before us discloses.

In July appellant sued in Justice Court and recovered a judgment for the amount of wages due him in the month of June, which was paid by appellee.

In each of the months of August, September, and October, he instituted a suit for the amount of wages that would have been due him under the contract for the preceding month, claiming the same as damages for the breach of contract for each month, and was threatening to bring a separate suit for each month until the expiration of the time for which he had been employed unless he sooner found employment.

While the three suits were pending appellee brought this suit in the District Court to enjoin plaintiff from prosecuting them or instituting the other threatened suits on the same cause of action.

The District Court, on final hearing, perpetually enjoined the defendant from prosecuting each of said suits, and also from instituting another suit for damages for the breach of said contract of hiring.

Appellant contends that as his wages were due at the end of each month, and the sum due for each month was fixed by the contract, each month's failure to pay was a separate breach of the contract for which he can prosecute an independent suit; and he contends that as he could not sue in advance for the full amount of his damages, or even know in

advance how much he may be damaged by the breach, he must be allowed to prosecute suits as each month's wages would have matured.

In the case of Meade v. Rutledge, 11 Texas, 54, referring to a case analogous to this, it is said, "The rule for estimating his compensation is not the contract price for the whole period, but the damages and loss actually sustained—not, however, to exceed the amount to which he would have been entitled had the contract been fulfilled." It is the duty of the injured party to find other employment if he can, and if he succeeds, the amount of his damages will be reduced by the amount earned in the new employment.

When the contract is broken without fault of one party, his cause of action is not for the wages contracted for, but it is for damages for breach of the contract. His right to recover the loss occasioned by the breach, not exceeding the contract price, arises at once. In such cases as this the difficulty is not as to what the cause of action is, nor when the suit may be brought, but it is in knowing the amount of his loss. It may be that such loss can not under the rule referred to be ascertained before the end of the period contracted for or other employment is secured. Still there is but one cause of action, and only one suit can be brought. That may be brought at any time before the cause of action is barred by the statute of limitations, either immediately or after the expiration of the time that the contract was made for. In either case no more damages can be recovered than have accrued at the trial.

If it is not evident before the expiration of the contract period what the amount of damages really is, and the party is not willing to waive the unascertained portion, then the institution of his suit should be delayed until the whole loss is known.

The judgment is affirmed.

*Affirmed.*

Delivered November 22, 1889.