### ELLIOTT LUMBER CO. v. MITCHELL.
#### (No. 10115.)

(Court of Civil Appeals of Texas. Fort Worth. March 25, 1922. Rehearing Denied May 6, 1922.)

**1. Homestead ⬅87—May be established on separate property of wife, and is protected from forced sale.**

A homestead may be established upon the separate property of the wife, and when so established is protected by the Constitution from a forced sale.

**2. Homestead ⬅95—Land must have homestead character at time contracts .are made to be free from materialmen's liens.**

For property to be exempt from the effect of mechanics' and materialmen's liens, it must have had the homestead character at the time the agreements under which the materials were furnished were made, regardless of subsequent preparation and occupancy.

**3. Homestead ⬅154—Occupied homestead cannot be abandoned by mere intention.**

A homestead occupied as such cannot be abandoned by mere intention, but there must be a discontinuance of use, coupled with an intention not to use as. a home, to constitute an abandonment.

**4. Homestead ⬅13—Parties may not claim two homesteads.**

There cannot be two places of residence, and it is only where no homestead dedicated by actual occupancy exists that effect must be given ownership, intention, and preparation to use for a home, and parties may not claim a homestead by intention, where they at the time possess homestead rights in entirely separate property.

**5. Contracts ⬅47—Intervener held not entitled to judgment against plaintiff on contract with defendant, in absence of showing of lawful consideration.**

Where plaintiff, lien claimant, agreed to furnish material for an apartment house, and intervener furnished materials at the request of, and gave credit solely to the defendant, the intervener cannot hold the plaintiff under its agreement with the defendant to pay for necessary materials, in the absence of a showing lawful consideration for the promise.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by the Elliott Lumber Company against G. B. Mitchell, in which the Clem Lumber Company and Mrs. L. E. Mitchell, wife of the defendant, intervened. Judgment for the Clem Lumber Company against the defendant G. B. Mitchell, and that plaintiff have judgment against G. B. Mitchell for all sums paid by it in favor of the intervener Clem Lumber Company, and that defendants Mitchell and interveners take nothing under their affirmative pleas in the nature of cross-actions, and that the prayers of the plaintiff and the Clem Lumber Company for a foreclosure of their materialman's lien be denied, and plaintiff appeals. Judgment reversed and rendered in part, reversed and remanded in part, and in part affirmed.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

Chas. C. Robey, J. R. Stubblefield, and Sayles & Sayles, all of Eastland, for appellee.

CONNER, C. J. The Elliott Lumber Company, a corporation, instituted this suit against G. B. Mitchell upon a verified account for materials and supplies, aggregating $8,060.25, furnished in the construction of an apartment house by the defendant Mitchell in the city of Eastland. It was alleged that the material and supplies specified in the account were furnished in accordance with the terms of an agreement made by the plaintiff and defendant prior to the 28th day of January, 1920, the date upon which the first material was delivered. It was further alleged that the plaintiff had fixed a materialman's lien on the lots upon which the apartment house was constructed, and a foreclosure of the lien was prayed for.

The defendant, Mitchell, answered by a general demurrer, a general denial, and further pleaded specially that the property upon which the defendant sought to foreclose its materialman's lien was a homestead, and therefore not subject to the lien. The defendant further specially pleaded that the plaintiff had contracted to furnish all of the material necessary for the construction of the apartment house, but had breached the contract in this respect, and hence that he had been unable to complete the house with the result that it had deteriorated and thus damaged the defendant in a specified amount, which he sought to recover over against the plaintiff by way of a cross-action.

The Clem Lumber Company, a corporation, and Mrs. L. E. Mitchell, wife of defendant G. B. Mitchell, by separate pleas, each in-

tervened in the suit. The Clem Lumber Company alleged that it had sold and delivered to the defendant G. B. Mitchell certain materials and supplies specified in a verified account attached to the plea, amounting to $1,780.15, which had been used in the construction of said apartment house, and to secure which it sought to foreclose a materialman's lien on the same property. This intervener also specially alleged that the defendant Elliott Lumber Company had agreed to pay said account, and by virtue thereof the Clem Lumber Company prayed for the recovery of a judgment against the plaintiff.

Mrs. Mitchell in her plea of intervention interposed the homestead character of the premises, as alleged by the defendant G. B. Mitchell.

The case was submitted to a jury on special issues, and upon the findings the court entered a judgment in favor of the plaintiff, Elliott Lumber Company, against G. B. Mitchell on the verified account for $8,060.25, with interest thereon from the 1st day of January, 1921, at 6 per cent. per annum; and in favor of the Clem Lumber Company against the defendant, G. B. Mitchell, and the plaintiff, Elliott Lumber Company, jointly and severally for the sum of $1,780.15, with interest thereon from January 1, 1921, at 6 per cent. per annum. The judgment recited that as between the plaintiff and the defendant, G. B. Mitchell, and the Clem Lumber Company that Mitchell was primarily liable for the debt to the Clem Lumber Company, and that the plaintiff, Elliott Lumber Company, should have judgment against G. B. Mitchell for all sums of money paid by it under the judgment in favor of the intervener Clem Lumber Company. It was further adjudged that the defendant Mitchell and interveners take nothing under their affirmative pleas in the nature of cross-actions, and that the prayers of the plaintiff and the Clem Lumber Company for a foreclosure of their materialman's lien be denied. From the judgment so rendered, the plaintiff Elliott Lumber Company has duly prosecuted this appeal.

[1, 2] There was no denial of the verified accounts presented by the Elliott Lumber Company and the intervener Clem Lumber Company, and that these several accounts are just and unpaid is not questioned. The controlling question presented on this appeal is whether the issue of homestead vel non was properly determined by the jury and court below. Upon the conclusion of the evidence on the trial the plaintiff, Elliott Lumber Company, requested the court to give the jury a peremptory instruction to the effect that the property in question was not a homestead within the meaning of the law so as to exempt it from the operation of the materialman's lien, severally asserted by the plaintiff and the intervener Clem Lumber

Company, and we think this charge should have been given. As shown by the undisputed proof, the material specified in the plaintiff's verified account was delivered in pursuance of an oral agreement made on or prior to the 28th day of January, 1920, and the substance of the pleas of the homestead character of the property was that such was its character "at the time of the filing of the plaintiff's verified account in the office of the county clerk of Eastland county, Tex., and long prior thereto," etc. The undisputed proof is to the effect that at the time of the making of the contract by the Elliott Lumber Company to furnish the material it did furnish the defendant, Mitchell, and his wife, L. E. Mitchell, were in the actual possession and occupancy of a homestead in the city of San Antonio. The legal title to the San Antonio property was in the name of the wife, but this fact is immaterial, for a homestead may be established upon the separate property of the wife, and, when so established, is protected by the Constitution from a forced sale. See Ball, Hutchings & Co. v. Lowell, 56 Tex. 579; Freeman v. Hamblin, 1 Tex. Civ. App. 157, 21 S. W. 1019. It is true there was testimony in behalf of the defendant and Mrs. Mitchell that prior to January 28, 1920, there had been negotiations for the sale of the San Antonio property with the view of making their home in Eastland, but it is undisputed that the negotiations were not consummated by the execution and delivery of a conveyance or of any instrument in writing prior to the 16th day of March, 1920, and thereafter until some time in July, 1920, the San Antonio homestead was still occupied by the wife and some of the younger children. While the plaintiff's and materialman's lien had not been fixed in accordance with the regulations specified in chapter 2, of title 86, Rev. Statutes, relating to such subject until after the transfer of the San Antonio property, we agree with appellant that the time of the making of the contract for the materials is the test, rather than the time of the fixing of the lien. In other words, the property in controversy in this case in order to be exempt from the effect of the liens asserted by the plaintiff and the Clem Lumber Company must have had the homestead character at the time of the agreements under which the materials were furnished, regardless of subsequent preparation and occupancy. In Swope v. Stantzenberger, 59 Tex. 387, it is said:

"Whatever may be the rule as between the mechanic and creditors of the owner as to the time when the lien commences, as between the owner and the mechanic, in the determination of the question whether the land was or not the homestead, so as to exempt it from the operation of the lien, unless the wife should join in the execution of the written contract, it would seem that the time of the making of the contract is the true criterion. If at that time

it was not the homestead of the owner, then no subsequent act of his could have the effect of abrogating and destroying his contracts.

"Nor is there any good reason for holding that under the contract, and in the performance of the same, the mechanic must carry lumber upon the land, and then commence and complete the building; that there being acts evidencing, and actual and tangible improvement, when accompanied with the requisite intent, are sufficient to fix its character as the homestead. And as these things (that is, the carrying of the material upon the land and the performing of the labor) are contemplated by the contract, that as to the mechanic they relate back to the execution. The contract is made with reference to the then existing condition of affairs. There is neither justice nor reason in the proposition that in such case the performance of the contract by the mechanic will itself work a total destruction of his rights under it."

[3] There is no evidence whatever of any character of improvement or occupancy of the Eastland property in controversy prior to January 28, 1920. There is evidence in behalf of the defendant and his intervening wife to the effect that the Eastland property had been purchased with a view of making it their homestead upon the sale of the San Antonio property, and that pursuant to this intention the plans and specifications for the apartment house had been secured, the contract alleged by the plaintiff entered into, and that thereafter the defendant G. B. Mitchell, together with several of his sons, entered upon the construction of the building, and later occupied a two-story garage, erected upon the property during the continuance of their work, and into which the wife and younger children moved some time in July, 1920. But a homestead occupied as such cannot be abandoned by mere intention. On this subject it was said by our Supreme Court in the case of Archibald v. Jacobs and Wife, 69 Tex. 251, 6 S. W. 178:

"Abandonment of property actually homestead, cannot be accomplished by mere intention; there must be a discontinuance of the use coupled with an intention not again to use as a home to constitute abandonment; and without an abandonment of an existing homestead no right can exist to fix that character to another property, unless it be by way of addition to the existing homestead."

[4] The same case is authority for the proposition that there cannot be two places of residence for the family, separate and in no manner used together, and that it is only in cases where no homestead dedicated by actual occupancy exists that effect must be given to ownership, intention, and preparation to use for a home. See, also, Bunton v. Palm (Tex. Sup.) 9 S. W. 182; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745. We accordingly conclude that under the law and the undisputed proof the pleas of G. B. Mitchell and his wife, asserting a homestead in the property described in the plaintiff's petition, are not well taken, and that said property is subject to the materialman's lien asserted in the plaintiff's petition and in the petition of the Clem Lumber Company.

[5] Several assignments of error are directed to the criticisms of the court's charge in submitting the issue of the homestead; and, while we think the criticisms are well taken and probably influenced the verdict in favor of the defendant Mitchell and wife on their pleas, yet, in view of our conclusion as above stated on the main issue, we deem it unnecessary to discuss those criticisms. One question, however, requires notice. Error is assigned to that part of the judgment awarding a recovery against the appellant Elliott Lumber Company in favor of the Clem Lumber Company. The facts relating to this branch of the case are substantially that the Elliott Lumber Company agreed with the defendant G. B. Mitchell to furnish him the material necessary for the construction of the apartment house in question. During the construction of the building it was concluded by Mitchell and the representative of the Elliott Lumber Company that Mitchell himself could procure material not possessed by the Elliott Lumber Company, such as specified in the Clem Lumber Company account, at a cheaper rate than the Elliott Lumber Company could procure it. G. B. Mitchell thereupon contracted with the Clem Lumber Company for the material specified in its account, and the same was delivered to him and used in the construction of the building. On such conclusion, however, the Clem Lumber Company had no notice. In other words, the representative of the Elliott Lumber Company at no time purchased or sought the delivery of the material or had any communication whatever with the Clem Lumber Company, which in furnishing the material advanced the same upon the credit of Mitchell alone. The contention of the Clem Lumber Company is that the promise of the Elliott Lumber Company made with G. B. Mitchell to furnish and pay for all the material necessary for the construction of the apartment house inured to its benefit, and entitles it to a judgment against the Elliott Lumber Company for its unpaid account.

Mr. Williston in his work on Contracts, vol. 1, c. 13, presents an interesting discussion on the subject of contracts made by the promisor to the promisee for the benefit of third persons, and a case of our own (Spann v. Cochran & Ewing, 63 Tex. 240) is cited in behalf of the Clem Lumber Company in aid of its contention that it is entitled to the judgment awarded it. But we find it unnecessary to determine this question on this appeal, for the appellant Elliott Lumber Company on the trial below presented a demurrer to the plea of the Clem Lumber Company against it on the ground that no consid-

eration for the promise relied upon by it had been pleaded, and we find this to be true. In the plea of the Clem Lumber Company against the Elliott Lumber Company no order made to the Clem Lumber Company is set forth or is any request of the appellant company for the delivery of the material presented, nor is it stated that any consideration passing between those two companies existed, nor is it alleged even that there was a consideration for the promise of the Elliott Lumber Company to G. B. Mitchell, and we think it will be admitted that in any and all events, before the Clem Lumber Company can be given any relief or recovery upon the promise of the Elliott Lumber Company, it must be alleged and shown that a lawful consideration for the promise existed. Townes on Texas Pleadings, p. 496; Radford Gro. Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998; Richarz v. Wolcken, 34 Tex. 102; Jones v. Holliday, 11 Tex. 412, 62 Am. Dec. 487; Lewis v. S. W., etc., Telg. Co. (Tex. Civ. App.) 59 S. W. 304; Texas Mutual, etc., Ins. Co. v. Davidge, 51 Tex. 249; Ellerd v. Ferguson (Tex. Civ. App.) 218 S. W. 605.

In view of the fact, however, that the court overruled the demurrer referred to, and of the possibility that the Clem Lumber Company can by amendment present a case entitling it to recover as against the appellant company, we feel unable to dispose of the case as between these two litigants, and as to them we think the judgment must be reversed, and the cause remanded.

We accordingly conclude that the judgment below, denying the appellant company and the Clem Lumber Company a foreclosure of the materialman's lien pleaded by them, must be reversed and here rendered in their favor, and the judgment in favor of the Clem Lumber Company against the Elliott Lumber Company must be reversed, and the cause as between these parties remanded for a new trial. In all other respects the judgment below is affirmed.