## SOUTHERN PROPERTIES, Inc., v. CARPENTER. (No. 10089.)

Court of Civil Appeals of Texas. Dallas. Nov. 12, 1927.

Rehearing Denied Dec. 17, 1927.

1. **Master and servant 38—Breach of contract gives employee immediate cause of action for damages suffered during remaining period of contract.**

A breach of employment contract by employer gives employee an immediate cause of action for damages suffered by him for remaining portion of time covered by contract.

2. **Master and servant 42(1)—Employee, wrongfully discharged, must exercise ordinary diligence to secure other employment to lessen damages.**

An employee, suffering damages from employer's breach of employment contract, is charged with duty of using ordinary diligence to secure other employment, to the end that he may lessen his damages.

3. **Master and servant 41(1)—Unearned wages is maximum of recovery by employee for breach of contract.**

The recovery allowed an employee for employer's wrongful breach of employment contract is for damages suffered, with unearned wages as maximum of recovery.

4. **Master and servant 41(3)—Discharged employee, suing for damages before expiration of contract, waives damages for period following trial.**

Discharged employee, suing for breach of employment contract, can recover damages only for period of time from his discharge to trial of case, and, if he elects to go to trial before entire damage can be ascertained, he waives damages for period of time following trial.

5. **Judgment 594—Suit pending on appeal from justice court for employer's breach of contract covering immediate period following breach held barred by subsequent suit and judgment for further damages from same breach covering further period.**

Where employee obtained judgment in justice court for employer's breach of employment contract covering the 45 days following the breach, which judgment was appealed by employer to county court, and employee thereafter brought another suit for further damages for same breach covering a further period, employee will be deemed to have elected to prosecute last suit to judgment, and judgment in such latter suit will be bar to recover on suit pending in county court, and bar to recovery of any other damages.

6. **Appeal and error 207, 1060(4)—Argument held not prejudicial, where amount of damages was fixed by contract, and no request was made for instruction to jury to disregard it.**

In action by employee for breach of employment contract, statement by plaintiff's counsel that suit was important thing to plaintiff, but a little thing to the defendant, which was a big corporation with fourteen plants, was not inflammatory and not prejudicial, where contract fixed amount of damages, and no written request for instruction to jury to disregard argument was made.

Appeal from Dallas County Court; Paine L. Burk, Judge.

Action by H. Carpenter against the Southern Properties, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

Locke, Locke, Stroud & Randolph, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

JONES, C. J. In a suit in the county court of Dallas county at law No. 1, appellee, H. Carpenter, recovered judgment against appellant, Southern Properties, Inc., in the sum of $252, with interest at the rate of 6 per cent. per annum from the date of the judgment, from which judgment appellant has duly perfected its appeal to this court. The suit was filed September 7, 1926, and judgment entered January 8, 1927.

Appellee entered into a contract of employment with appellant on March 2, 1926, to work in its ice delivery department. He had established theretofore an ice delivery route in the city of Dallas, over which he had made personal delivery of ice to a number of customers, using his own equipment, consisting mainly of a team and an ice wagon. He sold to appellant his property, used for the purpose of delivering ice, and also his right to deliver ice on this route. The employment contract was a part of the consideration moving to him for the sale of this property and surrender of his ice delivery route. By a provision in this contract, appellee bound himself to remain as an employee of appellant for a period of one year, and appellant bound itself not to terminate the employment before the expiration of the year "without just cause." It was also provided that appellant should fix appellee's wages from time to time, but that such wages should not be less than $4 per day; said wages to be paid semimonthly on stipulated dates. Appellee worked under this contract until May 15, 1926, on which date he was discharged, and the record shows remained out of employment until August 31, 1926. At the end of 45 days succeeding his discharge, appellee instituted suit in a justice court in Dallas county against appellant for breach of the

employment contract, and recovered a judgment for $180, being the wages called for in his contract for the 45-day period. Appellant duly perfected its appeal to the county court of Dallas county at law No. 1, and the record discloses that this case had not been tried at the time of the trial of the instant case, and counsel for both parties, on the submission of this case, stated in open court that the justice court case still remains on the docket for trial de novo. This suit was instituted for the purpose of recovering judgment for the 63 days succeeding the 45 days covered by the justice court suit; that is, from and including June 30, 1926, to and including August 31, 1926. During this period of 63 days appellee used reasonable diligence to secure other employment, but was unable to do so.

Appellee instituted this suit on the theory that, by his discharge, appellant was guilty of a breach of the contract of employment, because no just cause existed for such discharge, and that he was prevented thereby from enjoying the fruits of the contract. Appellant defended on the theory, first, that the contract of employment was indivisible, and that the discharge could constitute but a single breach, on which but one cause of action could arise, and but one suit could be prosecuted; that the suit filed in the justice court, having been prosecuted to judgment in said court, was in law an election by appellee to waive or abandon any damages that might accrue to him by virtue of the breach after the 45 days on which he based recovery in the justice court; second, that just cause existed for the discharge of appellee, and that there was no breach of the contract by appellant. The pleadings of both parties are full and specific.

Appellant filed no plea in abatement because of the pendency in the county court of Dallas county at law of the suit originally filed in the justice court, but contended that, as appellee's petition alleged that he had theretofore recovered such judgment for the said 45 days, such petition showed on its face that no cause of action existed, and was subject to the general demurrer presented to the trial court and overruled. Error was duly assigned on this ruling of the court. At the conclusion of the evidence, appellant requested peremptory instructions in its favor on this same defensive theory. The instruction was overruled, and error was duly assigned thereon. The evidence as to the existence of just cause for the discharge of appellee was in dispute, and this disputed issue was submitted to the jury, and resulted in a finding in favor of appellee. This finding, out of deference to the verdict of the jury, we adopt, and find that no just cause existed for appellee's discharge. This finding of the jury is supported by the direct evidence of appellee, though contradicted by very cogent evidence

offered by appellant. The assignments of error, based on the theory that the finding of the jury on this issue is not supported by substantial evidence, are overruled.

[1-3] The law is settled in this state in reference to the rights of an employee who has been discharged wrongfully by his employer before the termination of the contract period. Such a breach of a contract gives to an employee an immediate cause of action for the damages suffered by him for the remaining portion of the time covered by his employment contract. As in the case of a party suffering damages from the breach of any other contract, such employee is charged with the duty of the use of ordinary diligence to lessen the damages he has suffered. In cases like the one at bar, the discharged employee is required to exercise ordinary diligence to secure other employment to the end that he may lessen his damages. In this state we do not recognize the rule of constructive service and permit the employee to sue for the unearned wages for the time that remains of his contract employment after his discharge. The recovery allowed for such wrongful breach is for the damages suffered with the unearned wages as the maximum of the recovery; for, in such a case, this would manifestly be the maximum amount the injured party could be damaged.

[4] As appellee's suit is for a breach of a contract that is entire and indivisible, it is manifest that but one cause of action can arise because of the breach, and but one suit can be maintained on this cause of action. While it is true the cause of action immediately arose when appellee was wrongfully discharged, it is manifest the correct amount of the damages suffered cannot be determined until the expiration of the contract period. This is true because of the element of duty to attempt to secure other employment that enters into appellee's cause of action. In the instant case, there remained between nine and ten months of the contract period of time after the discharge, and it could not be determined, before the end of this period of time, either whether appellee would be able to secure other employment, or what the remuneration for such employment would be. In recognition of this element of duty that rests upon appellee during the entire period of the contract for which he was discharged, it has been uniformly held by our courts that, in a suit filed by the discharged employee previous to the expiration of the contract time, he can only recover damages for the period of time from his discharge to the trial of his case, and that, if he elects to go to trial of his case before his entire damages can be ascertained, he waives damages for the period of time following the trial. Litchenstein v. Brooks, 75 Tex. 196, 12 S. W. 975; Louisiana, Rio Grande Canal Co. v. Quinn (Tex. Civ. App.) 161 S. W. 375; Weber Gas &

Gasoline Engine Co. v. Bradford, 34 Tex. Civ. App. 543, 79 S. W. 46; Pacific Express Co. v. Walters, 42 Tex. Civ. App. 355, 93 S. W. 497.

In such cases as the one at bar it has been a frequent contention that, as the wages of the discharged employee were paid in installments, either monthly or semimonthly, as in the instant case, the failure to pay any installment of wages after the discharge constituted within itself a distinct breach of the contract, and gave to the employee a cause of action for each installment of wages not paid. This contention has always been denied in cases where the contract breached was for a specified period of time. The case of Litchenstein v. Brooks, supra, is a fair illustration of the disposition by our Supreme Court of such contention. In the reported case, the discharged servant contended that, as his wages were due at the end of each month, and the sum due for each month was fixed by the contract, each month's failure to pay was a separate breach of the contract, for which he could prosecute an independent suit; and that, as he could not sue in advance for the full amount of his damages, for the reason that he could not know how much he might be damaged by the breach, he should be allowed to prosecute a suit as each month's wages matured. This contention was disposed of in the Supreme Court in the following language:

"When the contract is broken without fault of one party, his cause of action is not for the wages contracted for, but it is for damages for breach of the contract. His right to recover the loss occasioned by the breach, not exceeding the contract price, arises at once. In such cases as this the difficulty is not as to what the cause of action is, nor when the suit may be brought, but it is in knowing the amount of his loss. It may be that such loss cannot under the rule referred to be ascertained before the end of the period contracted for or other employment is secured. Still there is but one cause of action, and only one suit can be brought. That may be brought at any time before the cause of action is barred by the statute of limitations, either immediately or after the expiration of the time that the contract was made for. In either case no more damages can be recovered than have accrued at the trial. If it is not evident before the expiration of the contract period what the amount of damages really is, and the party is not willing to waive the unascertained portion, then the institution of his suit should be delayed until the whole loss is known."

[5] In the instant case appellee cannot sever his claim for damages arising under his single contract of employment so as to make two or more distinct and substantive causes of action. If he brings a cause of action for a period of time less than the contract time, and prosecutes such cause of action to judgment for an amount smaller than the damages he has suffered, he is held in law to have waived any other damages he may have suffered. At the time of the trial

of this case, appellee had pending for trial, as we have seen, the case appealed from the justice court, in which he asked for damages for another period of the time covered by the contract. While the suit had been prosecuted to judgment in the justice court, yet appellant had nullified that judgment by perfecting its appeal to the county court, and this had left appellee in the status of a plaintiff in two different suits seeking to recover damages for the identical breach of the same contract. He could only prosecute one of them to final judgment. If a plea in abatement had been filed, because of the pendency of the other suit, he would have had the right to have elected which suit he would prosecute to judgment. No plea in abatement was filed, and he did prosecute the present suit to judgment, and the other suit still remains untried on the court's docket. Under such condition, appellee will be deemed to have elected to prosecute the instant suit to judgment, and the prosecution of this suit, under the rule above announced, will be a bar to a recovery on the suit now pending in the lower court and a bar for the recovery of any other damages. We are therefore of the opinion that the petition, though alleging that the justice court case had been prosecuted to judgment, did not allege such judgment had become final, and was not subject to the general demurrer. We are also of the opinion that, as appellant had nullified the judgment in the justice court by its appeal, and that as such suit now awaits a trial de novo, the court did not err in refusing appellant's request for peremptory instruction.

[6] Error is assigned because of argument made before the jury in trial of this case by counsel for appellee on the ground that such argument was inflammatory and prejudicial, and an appeal to the sympathy of the jury, and not supported by the evidence. The argument complained of was addressed to special issue No. 9, which submitted the defensive issue of appellant as to whether the appellee, while working for appellant, disposed of ice, and failed to account for same to appellant. The argument is:

"Did he (appellee) dispose of any ice? Gentlemen of the jury, if he disposed of any ice, and didn't account for it to the Southern Properties, Inc., he is a thief. This lawsuit is an important thing to Hugh Carpenter. It is a little thing to the big corporation who has fourteen plants."

The record discloses that appellant operated fourteen plants. In view of the circumstances, and especially the significance to appellee of a finding adverse to him on this issue, we do not believe there was reversible error in this argument. It was merely stating a patent fact that a finding against appellee was an impeachment of his honesty, and meant more to him than the money involved, and that a finding against appellant was a

matter of small moment to it, for it only involved a small amount of money. Under the facts of the case, no inflammatory argument could have increased the amount of damages, for the evidence was virtually undisputed that appellee had used reasonable diligence to secure other employment, and had failed, and that the contract fixed the amount of damages he suffered. There was no written request for an instruction for the jury to not consider this argument, and we overrule this assignment of error.

We have examined all other assignments of error, and hold that none of them show reversible error. It is therefore the opinion of the court that this case should be affirmed.

Affirmed.