On January 21, 1911, Henry and Charles Pollack, brothers, entered into this contract:
"Whereas, Henry Pollack and Charles Pollack, of the County and State aforesaid, are jointly seized and possessed of certain property, both real and personal, in the City and County of Dallas, and State of Texas, and are desirous of adjusting and separating their said interests so that the title to said property may be held in severalty by the said Henry Pollack.
"Now, therefore, this agreement entered into this the twenty first day of January, 1911, between the said Henry Pollack, of the one part, and Charles Pollack, of the other part, witnesseth:
"That the said Henry Pollack, for himself and his heirs, for the consideration hereinafter named, doth covenant and agree with the said Charles Pollack that he, the said Henry Pollack, during his natural life, shall *Page 891 
and will pay to the said Charles Pollack, for the period of the said Charles Pollack's natural life, the sum of Five Thousand ($5,000.00) Dollars yearly; said sum to be paid to him in monthly payments of $416.66 2/3; the first payment to be made to him on the day of the date hereof, and the remainder on the first of each and every month hereafter during the life of the said Charles Pollack.
"It is expressly understood and agreed that upon the death of the said Charles Pollack, the said Henry Pollack surviving, the obligation herein assumed on the part of the said Henry Pollack is to terminate and the said payments are to cease and the heirs, devisees, legatees or personal representatives of the said Charles Pollack are to have no claim against the said Henry Pollack, or upon his property or estate. In the event the said Henry Pollack should die before the death of the said Charles Pollack, the said payments of $416.66 2/3 each month are to cease, and the said Henry Pollack, for himself and his leirs, covenants and agrees with the said Charles Pollack that in lieu thereof be, the said Henry Pollack, will bequeath and devise free of all claims and incumbrances to the said Charles Pollack property, real or personal or both, to the value of One Hundred Thousand ($100,000.00) Dollars to take effect upon the death of the said Henry Pollack, and to be valued at its market value as of the date of the death of the said Henry Pollack; and if the said Charles Pollack and the personal representatives or devisees and legatees of the said Henry Pollack cannot agree upon a division of the estate of the said Henry Pollack so that the property to the value of $100,000.00 may be set aside in kind and in severalty to the said Charles Pollack, then so much of the real or personal property belonging to the estate of Henry Pollack is to be sold as that the proceeds or a portion thereof will be sufficient, either of itself or together with the monies and personal property which the said Charles Pollack is willing to accept, to make up said value of $100,000.00.
"And the said Charles Pollack, in consideration of the covenants and agreements hereinbefore contained on the part of the said Henry Pollack, and which on his part are to be done and performed, doth hereby bargain, sell, transfer and convey to the said Henry Pollack all of his right, title and interest in and to all of the property, both real and personal, where-ever situated, in which the said Charles Pollack and Henry Pollack are now jointly interested, embracing all the said Charles Pollack's interest in the Henry Pollack Trunk Company, the Harris Millinery Company, the Donovan Undertaking Company, and all real estate now and jointly owned by the said Henry and Charles Pollack."
The present suit was filed August 5, 1926, by Charles Pollack against Henry Pollack. The original petition upon which trial was had is in three counts: The first being in trespass to try title to recover an undivided one-half interest in various tracts of land; the second declares upon a trust agreement under which the plaintiff claimed an undivided one-half interest in said lands and also in all personal property owned by defendant for which interest the plaintiff sued; the third count sets up the foregoing contract. This count contains much unnecessary matter, but sufficiently sets up a repudiation and breach of the contract by Henry Pollack and sought to recover damages for such breach.
Judgment was rendered denying plaintiff recovery of any interest in the real and personal property described in the petition, but in his favor for $58,601.22, being the unpaid balance due upon the contract from January 1, 1912, to the date of judgment; also for $31,177.31 accrued interest upon said balance; also for $52,600, as the present value of the $5,000 agreed to be paid annually by defendant to plaintiff under the terms of the contract, such present value being computed upon a 4 per cent. basis and the life expectancy of the plaintiff.
From this judgment the defendant appeals.
A large portion of his brief is devoted to alleged errors which relate to the first and second counts of the petition. They would require consideration if the plaintiff had recovered judgment based upon those counts. But upon those counts the defendant prevailed, and it is wholly unnecessary to consider errors which have no effect upon or relation to the correctness of the judgment rendered based upon the third count.
Therefore, the discussion will be confined to those questions which relate to the adverse portion of the judgment against appellant.
There is no plea impeaching the validity of the contract when made, though there is a plea by defendant that the parties, on May 1, 1919, by mutual agreement, had changed and modified the agreement above quoted, making the payments $250 per month, instead of $416.66 2/3, but the jury found no such new agreement was made, and the evidence supports the finding. Furthermore, if such agreement to modify was made, it was without consideration and not binding upon the plaintiff. Jones v. Holliday, 11 Tex. 412, 62 Am.Dec. 487; Lewis v. S.W. Tel. Tel. Co. (Tex Civ. App.) 59 S.W. 303; Bruce v. Laing (Tex.Civ.App.) 64 S.W. 1019; Ellerd v. Ferguson (Tex.Civ.App.) 218 S.W. 606; Elliott Lbr. Co. v. Mitchell (Tex.Civ.App.) 241 S.W. 221.
The evidence discloses that, until January 1, 1912, the defendant paid $416.66 2/3 per month to the plaintiff when, for reasons which need not be stated, he reduced the monthly payments to a very much lower sum, in which reduction the plaintiff acquiesced until some time in 1919, from which time the *Page 892 
defendant made monthly payments of $250 until about May, 1926, when he ceased making any payments because the plaintiff refused to give receipts acknowledging such payments to be in full satisfaction. The evidence discloses that, because of the plaintiff's refusal to accept such monthly payments in full satisfaction of his right under the contract of January 21, 1911, the defendant has wholly repudiated and breached the obligation assumed by him under such contract.
As we view this case, the only material questions presented are as to the proper measure of damages for breach of the contract and the issue of limitations as to unpaid balances upon the monthly installments payable more than four years prior to the filing of the suit.
We do not think the plaintiff is to be compelled to resort to successive actions to recover the monthly payments, but, in view of the defendant's complete repudiation of his obligation and breach thereof, the plaintiff "had the right to elect to treat the contract as absolutely and finally broken by the defendant; to maintain his action, once for all, as for a total breach of the entire contract; and to recover all that he would have received in the future, as well as in the past, if the contract had been kept. In so doing, he would simply recover the value of the contract to him at the time of the breach, including all the damages, past or future, resulting from the total breach of the contract. The difficulty and uncertainty of estimating damages that the plaintiff may suffer in the future is no greater in this action of contract than they would have been if he had sued the defendant, in an action of tort, to recover damages for the personal injuries sustained in its service, instead of settling and releasing those damages by the contract now sued on." See Pierce v. R. Co., 173 U.S. 1, 19 S.Ct. 335, 341, 43 L.Ed. 591.
See, also, Eastern Tennessee, etc., v. Staub, 7 Lea (Tenn.) 397, where it was said: "Nor is it any objection to the recovery that in this case the damages are difficult to ascertain, depending upon contingent and uncertain events. There are many cases in which the damages are uncertain and difficult to ascertain, and in fact cannot be ascertained with certainty, but this has never been regarded as a sufficient reason for denying all relief."
See, also, Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Parker v. Russell, 133 Mass. 74.
We are clearly of the opinion that the present value of the monthly payments which appellant obligated himself to make is a recoverable damage under the authorities cited above, but difficulty in estimating such present value arises in this case, because the obligation to make such payments terminates upon the death of either of the parties. The trial court estimated such value upon the plaintiff's life expectancy, and plaintiff is younger than the defendant. The plaintiff therefore has a longer life expectancy than the defendant. In this situation it would at first seem that the proper computation would be to base the present value of the monthly payments upon the expectancy of the defendant, for, according to the contract, the payments are to cease upon his death. But there is another provision of the contract which is to be considered in this connection. That provision reads: "In the event the said Henry Pollack should die before the death of the said Charles Pollack, the said payments of $416.66 2/3 each month are to cease, and the said Henry Pollack, for himself and his heirs, covenants and agrees with the said Charles Pollack that in lieu thereof he, the said Henry Pollack, will bequeath and devise free of all claims and incumbrances to the said Charles Pollack property, real or personal or both, to the value of One Hundred Thousand ($100,000.00) Dollars to take effect upon the death of the said Henry Pollack, and to be valued at its market value as of the date of the death of the said Henry Pollack; and if the said Charles Pollack and the personal representatives or devisees and legatees of the said Henry Pollack cannot agree upon a division of the estate of the said Henry Pollack so that property to the value of $100,000.00 may be set aside in kind and in severalty to the said Charles Pollack, then so much of the real or personal property belonging to the estate of Henry Pollack is to be sold as that the proceeds or a portion thereof will be sufficient, either of itself or together with the monies and personal property which the said Charles Pollack is willing to accept, to make up said value of $100,000.00."
It thus appears that, in the event the defendant dies first, the plaintiff, in lieu of the monthly installments, is to receive from the defendant's estate $100,000 in property or money.
It is impossible to determine the present value of this contingent obligation to pay $100,000 to the plaintiff, for it is wholly uncertain which of the parties will die first. Dunbar v. Dunbar, 190 U.S. 340, 23 S.Ct. 757, 47 L.Ed. 1084.
But it should not be entirely disregarded in estimating the plaintiff's damage, for it is a material and a most valuable right which he has under the contract.
The evident purpose of the contract was to provide for plaintiffs maintenance and support as long as he lived. The court awarded him as damages the present value of the monthly payments computed upon the basis of his own life expectancy. If plaintiff dies before the defendant, then the court's award was the proper measure of damage under the terms of the contract. *Page 893 
On the other hand, if the defendant dies before the plaintiff, then the award was not in strict conformity with the provision of the contract which terminated such payments upon the defendant's death.
The evidence shows about five years' difference in the ages of the parties. The difference in the life expectancies of the two cannot be very great. The value of this contingent right to $100,000 against defendant's estate is much greater than any possible difference in the present value of the monthly payments arising out of the question as to the proper life expectancy to be employed in computing the present value of such payments. Therefore, in our opinion, the defendant has gained, rather than lost, by the trial court awarding damages on the basis of the plaintiff's life expectancy, and the defendant cannot complain.
The purpose of the contract has been carried out, and an award of damages made which, in our opinion, is equitable and as accurate as it is possible to be, in view of the peculiar terms of the contract.
We, therefore, overrule those assignments which in different manner question the correctness of the computation of the present value of the monthly payments and the award thereof as the proper measure of the plaintiff's damage in this case.
Those assignments are sustained which complain of the recovery allowed, of balances and interest upon the monthly payments which became due more than four years prior to the filing of the suit on August 5, 1926. Upon default in the payment in full of each monthly installment a right of action to recover the unpaid balance then accrued, and recovery thereof is barred by the four years' statute of limitations. Article 5527, R.S.
The judgment of the lower court is reversed and here rendered so as to eliminate recovery by plaintiff of the items barred by limitation as above indicated. The judgment in its other features will not be disturbed. The parties are granted 30 days in which to agree upon and submit to this court the proper amount of the balance in arrears, not barred by limitation, with accrued interest. If they do not agree, they will submit their respective calculations, and this court will adopt the one it regards as correct or make its own computation.
Reversed and rendered.
 On Rehearing.
Both parties have filed motions for rehearing. Both are overruled.
In appellant's motion but two errors are assigned, both relating to the measure of damage applied. We will further discuss that question.
The record in this case shows a complete breach and repudiation by appellant of his obligations under a valid contract The only real question at issue is the proper measure of damages for the breach by appellant of his obligation in futuro under the contract.
As we view this question, the contract furnishes two methods and two only, by which these damages can be estimated with reasonable certainty. One of these methods appellant must accept.
One method is to estimate by mathematical calculation the present value of the future monthly payments upon the basis of Charles Pollack's life expectancy at the date of trial. This was the method adopted by the court below and by this court, and the correctness of which is assailed by appellant.
The other method is to estimate by mathematical calculation the present value of such monthly payments upon the basis of Henry Pollack's life expectancy at the date of the trial and the present value, at the date of the trial, of the $100,000 worth of property which Henry Pollack obligated himself to bequeath and devise to Charles Pollack in the event Henry Pollack died first; such present value of the $100,000 to be computed by mathematical calculation, and such sum to be treated as payable at the expiration of appellant's life expectancy, applying the same discount rate as the rate employed in computing the present value of the monthly installments, the correctness of which rate — 4 per cent. per annum — appellant does not question.
According to argument upon rehearing filed by appellant the life expectancy of appellee at date of trial was 14.74 years, and appellant's 11.67 years. Appellee's expectancy is thus 3.07 years greater than appellant's.
A mathematical calculation will establish that, if the second method had been employed, the judgment for damages against appellant would have exceeded by many thousands of dollars the judgment in fact rendered against him, for the reason that the present value of the $100,000 would exceed by many thousands the difference between the present value of the installments based upon appellee's expectancy and such value based upon appellant's.
So this record discloses that the error, if any, in estimating the damages, is favorable to appellant and he cannot complain thereof. See many cases to that effect cited in Michie Digest, 767; also cases cited at page 860 et seq., refusing to reverse for error in instructions upon measure of damages because cured by verdict and judgment.
Appellant suggests only one other method of estimating such damages, namely, the present value of the monthly payments computed upon the basis of the joint life expectancy of both appellant and appellee, which he says in his argument is 8.22 at the present time "January, 1930," and computing it upon that basis, appellant asserts Charles Pollack can later recover of Henry Pollack's estate *Page 894 
property of the value of $100,000 in the event Henry dies first. To the adoption of this method there are two objections. In the first place it would not be in accordance with the terms of the contract. In the second place the suggested method is based upon the erroneous assumption that appellee could later sue for and recover of appellant's estate the $100,000 in the event appellant dies first. But appellee has elected in this suit to sue for and recover "all the damages, past or future, resulting from the total breach of the contract." See Pierce v. R. Co.,173 U.S. 1, 19 S.Ct. 335, 341, 43 L.Ed. 591, quoted in our main opinion.
The recovery herein would bar any subsequent action by appellee for breach of the contract. He recovers herein, once for all, the damages which he has sustained by appellant's repudiation and breach. Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; 13 C.J. title Contracts, § 725; 3 Williston on Contracts, § 1292, at page 2339.
The parties have submitted no agreement as to the balance in arrears on the monthly payments, not barred by limitation, with interest. Appellee submits a computation showing the balance due on such account, at date of trial, to be $20,295.50, which seems to be correct and is adopted by this court as the correct amount in arrears upon the monthly payments not barred by limitation and the amount of interest thereon to date of trial in the court below.