### NILES v. PARSONS.
### No. 2969.

Court of Civil Appeals of Texas. Waco.
May 10, 1951.

Rehearing Denied May 31, 1951.

Carter & Carter, Marlin, for appellant.

Bartlett & Bartlett, Marlin, for appellee.

HALE, Justice.

Appellee sued appellant for damages on account of the alleged breach of a verbal contract of employment. The case was tried before a jury. Upon the conclusion of the evidence the court submitted four special issues to the jury. The first three issues related to the alleged breach of the contract and the fourth issue was as follows: "What amount of money, if paid now, do you find from a preponderance of the evidence will compensate plaintiff for the breach of contract, if any, by defendant?" The jury answered the first three issues favorable to the contentions of appellee and returned an answer of $400.00 to the fourth. Thereupon, the court rendered judgment against appellant for the sum of $400.00, and hence this appeal.

Appellant predicates his appeal upon one point of error, viz.: "The Court erred in submitting Special Issue No. 4 over the written objection of defendant that the same submits an incorrect measure of damages in that the suit was brought before the termination date of the original contract, and that the maximum amount recoverable by plaintiff is the amount plaintiff would have received to the date of the trial and not to the end of the original contract period "

The record discloses that appellee entered into the service of appellant on January 1, 1950 under a verbal contract of employment by the terms of which he was to be paid the sum of $100.00 per month for a period of twelve months. Appellant paid for the first five months of service but declined to make any further payment on the ground that appellee had been discharged because he had not complied with the terms of the contract. Appellee instituted the suit on August 25, 1950, claiming $200.00 for the months of June and July and $500.00 for the remaining five months of the year. The case was tried on October 16, 1950. Appellant objected to the submission of Special Issue No. 4 on the ground that it submitted an incorrect measure of the damages recoverable by appellee in that the suit was brought before the termination date of the contract of employment and that the maximum amount recoverable by appellee is the sum he would have received to the date of trial and not to the end of the contract period.

From the record before us we cannot say the trial court erred in submitting Special Issue No. 4 to the jury over the objections interposed by appellant or that such error, if any, was prejudicial to any right of appellant. No objection was made to the submission of such issue or to the court's charge in connection therewith on the ground that the court thereby failed to submit a correct measure of the damages recoverable by appellee. No request was made of the court to give to the jurors any instruction as to what facts they might or might not consider in arriving at the amount of money which, if paid at the time of the trial, would compensate appellee for the damages resulting from the breach of his contract by appellant and no such instruction was given. The affirmative act of a trial judge in erroneously submitting an incorrect measure of the damages legally recoverable in any particular case is quite a different matter from a mere failure or omission to instruct the jurors as to the fact elements they may or should consider in arriving at the amount of money that will reason-

ably compensate an injured party for the damages suffered by him. Consequently, we do not think the court erred in submitting Special Issue No. 4 over the objections interposed by appellant or that the same submitted an incorrect measure of the damages recoverable in this case, even though no instruction was given as to what facts the jurors might consider in arriving at a correct answer to such issue. Rule 274, Texas Rules of Civil Procedure.

We agree with the contention of appellant that the maximum amount recoverable by appellee herein is the sum he would have received under the contract of employment from the time it was breached to the date of the trial and not to the end of the contract period. 29 T.J. p. 35, Sec. 19; Lichtenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Southern Properties, Inc., v. Carpenter, Tex.Civ.App., 300 S.W. 963. The undisputed evidence shows that amount to be the sum of $450.00. But it appears to us that such sum is also the minimum amount that should have been recovered. There was no pleading or proof that appellee either secured or should have secured any other employment after he was wrongfully discharged and before the time of trial. These were defensive matters and if appellant desired to avail himself of such defenses or to rely upon the duty of appellee to mitigate the damages as fixed by the contract sued upon, the burden rested upon him to raise such issue or issues by pleading and proof. Phelps v. Connellee, Tex.Com.App., 285 S.W. 1047 and authorities; Stolz v. Wells, Tex.Civ.App., 43 S.W.2d 163, pt. 3 and authorities; Copeland v. Hill, Tex.Civ. App., 126 S.W.2d 567. Having failed to raise any such issue by pleading or evidence, it is our opinion that no legal right of appellant has been prejudiced by reason of the amount of the judgment that was rendered against him. Rule 434, T.R.C.P.; American National Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626, pt. 2, er. ref.; Duke v. Hatcher, Tex.Civ. App., 207 S.W. 575.

Therefore, the judgment is affirmed.