## DUNCAN COFFEE CO. v. CLEMENT.
### No. 15316.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 8, 1952.

C.J.S., Cancellation of Instruments, § 78, page 1080.

Samuel H. Peak, of Houston, for appellant.

Jack Love and Davis, Spurlock & Schattman, all of Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal by Duncan Coffee Company from a judgment of the district court of Tarrant County overruling its plea of privilege to be sued in Harris County, where its home office is located.

The appellee, Ira H. Clement, and appellant during the month of April, 1948, began negotiations which resulted in a written contract whereby appellee agreed to sell coffee and tea for the appellant in the State of Oklahoma. He was to receive $400 per month salary, certain traveling expenses and a percentage on coffee and tea sales, which commission was to be paid annually. The contract was to extend from May 15, 1948, to May 15, 1953. The appellee immediately moved to Oklahoma and began work under the contract. During the month of May, 1949, the parties entered into further negotiations with a view of changing the terms of employment, whereby the appellee would work on a straight commission basis. No satisfactory agreement was reached, however, and on the 8th of December, 1949, appellant notified appellee by letter from its home office in Houston that on December 15th the $400 per month salary, and reimbursement for expense, would terminate and that thereafter the appellee would be on a straight commission basis.

On December 14, 1949, appellee, by letter from Norman, Oklahoma, wrote appellant as follows:

"This is to advise that effective at close today December 14th, I have discontinued my work with the Duncan Coffee Co. I will be away from home 15th, returning home Friday 16th. You may at that time pick up the equipment, supplies, and etc.

"Yours very truly,
"Ira H. Clement."

Thereafter, the appellee moved from Oklahoma to Johnson County, Texas, and later to Tarrant County, Texas. On March 5, 1951, he filed suit in district court of Tarrant County against appellant for damages growing out of the breach of the contract referred to above. Appellant filed its plea of privilege and the court's action

in overruling said plea resulted in this appeal.

Appellee seeks to maintain venue in Tarrant County under Article 1995, R.C.S., sec. 23, Vernon's Ann.Civ.St. art. 1995, § 23. The pertinent parts of said section, in so far as this appeal is concerned, are the provisions that suits against a private corporation may be brought in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in such county; or if the corporation had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation then had an agency or representative.

■ The cause of action consists of the facts which entitle one to institute and maintain a suit in court. Phoenix Lumber Co. et al v. Houston Water Co., 94 Tex. 456, 61 S.W. 707; National Life Co. v. Harvey, Tex.Civ.App., 159 S.W.2d 920.

In the early case of Lichtenstein v. Brooks, 75 Tex. 196, 12 S.W. 975, the Supreme Court held that when an employment contract is broken without fault of one party, his cause of action is not for the wages contracted for but it is for damages for the breach of the contract, and his right to recover the loss occasioned by the breach, not exceeding the contract price, arises at once. The Court points out that in such cases the difficulty is not as to where the cause of action is, nor when the suit may be brought, but it is knowing the amount of his loss. It may be that such loss cannot be ascertained before the end of the period contracted for or other employment is secured. Still there is only one cause of action and only one suit can be brought.

It was also held in Southern Properties v. Carpenter, Tex.Civ.App., 300 S.W. 963, that the breach of an employment contract gives the employee an immediate cause of action. To the same effect is the holding in Wichita National Bank v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., 147 S.W.2d 295; Galveston H. & S. A. Ry. Co. v. Eubanks, Tex.Civ.App., 42 S.W.2d 475, affirmed by Supreme Court, 59 S.W.2d 825; Gulf Refining Co. v. Boren et al., Tex.Civ.App., 50 S.W.2d 883; Birdville Independent School District v. Deen, Tex. Civ.App., 114 S.W.2d 628, 632. The last case cites 1 Tex.Jur., p. 670, sec. 55, as follows: "There can be but one recovery for the breach of a single contract, particularly where the breach is of such a nature as to put an end to the entire contract." The Commission of Appeals, in San Antonio & A. P. Ry. Co. v. Collins, 61 S.W.2d 84, held that a suit of this character (breach of employment contract) is one for damages regardless of the fact that the amount of wages laid down in the contract may sometimes constitute the measure of recovery.

Under the venue statute relied upon by appellee it was necessary to show that his cause of action, or a part thereof, arose in either Johnson or Tarrant County, Texas, or that the cause of action or a part thereof arose while appellee resided in one of said counties. Appellant had an agent in Tarrant County but did not have one in Johnson County. Tarrant County is the nearest county to Johnson County where appellant has an agent. Appellee's testimony shows that after he wrote the letter above referred to he moved with his family from Oklahoma to Johnson County, Texas, and went to work for an insurance company. He never worked or offered to work for the Duncan Coffee Company after he wrote that letter. He did not live in either Johnson or Tarrant County, Texas, at any time from the date of his original employment until after he terminated his services with the Company. The violation of the contract he relied upon occurred before he moved from Oklahoma and appellant had made no promises or any agreements or representations of any kind which they either performed or failed to perform after he left Oklahoma.

512

■ There is nothing to show that appellant participated in any transaction in either Johnson or Tarrant County, or contracted to perform any obligation in Johnson or Tarrant County. Therefore the appellee failed to meet the requirements of the exception relied upon, in that he failed to show that the cause of action, or any part thereof, arose in either of said counties, or that appellee resided in either county when the cause of action or a part thereof arose. Rio Grande Valley Citrus Exchange et al. v. Leche & Leche, Inc., 144 S.W.2d 1015; Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

That the appellant did not pay appellee any salary or commission after December 15, 1949, did not create a new cause of action. His cause of action arose when the contract was breached while he resided in Oklahoma.

■ The amount of money he would have received under the contract, had it not been breached, is a matter to be considered in a trial on the merits in determining how much he has been damaged as a result of the breach.

■ Appellee could not move to a county in Texas after the happening of the transaction upon which his suit must be based and thereby establish venue in such county. Trinity Universal Ins. Co. v. Wallace, Tex. Civ.App., 186 S.W.2d 86.

Judgment of the trial court is reversed and here rendered sustaining the plea of privilege of appellant and the cause is ordered transferred to the district court of Harris County, Texas.