DONNA INDEPENDENT SCHOOL DIST. et al. v. SANDERS et al.

No. 9151.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Polk & Thompson, of Pharr, for appellants.

Aldrich & Aldrich, of Edinburg, and D. C. Hogan, of Pharr, for appellees.

FLY, Chief Justice.

Appellees applied for and obtained a temporary writ of injunction restraining the board of trustees of the school district, as well as the district itself, from entering into a certain contract with A. D. Gaston or any one for the collection of delinquent taxes due the district, for any compensation in excess of 15 per cent. on the taxes collected. The court granted the temporary injunction in chambers without notice or a hearing. Appellees sought the injunction until the Legislature now in session might enact laws making effective a certain amendment to the constitution recently adopted by the people of Texas. The court made the writ returnable at its next term. The appellees are delinquent in the payment of their taxes due the district and seem to be speaking not only for themselves but the other delinquent taxpayers in the district. The whole basis of the suit is anticipatory and fails to disclose any equities upon which to rest restraint of the school authorities, upon anticipation that the delinquents may be compelled to pay the taxes they owe the district having charge of the education of their children.

The allegations of the petition showed that no contract for the collection of delinquent taxes had been made, and is merely based on a prophecy of the delinquent taxpayers that an illegal contract would be made. The prophecy is based on the presumption that certain officers of the district intended to act in defiance of law. No testimony was heard, but on the naked assertions, not of taxpayers but tax evaders, the presumption was indulged against the officers of the school district that they would disregard their obligations to their constituents and trample upon the law in the making of contracts to collect taxes due the district by appellees and others. No presumption will obtain that an officer of district, city, county, or state, will act illegally in discharge of his duties, but, on the other hand, the presumption will always be indulged by courts that any officer will comply with the law of the state. City of San Antonio v. Tobin (Tex. Civ. App.) 101 S. W. 269. This rule is without exception. There was nothing in the way of testimony set out in the allegations of the petition except a dire prophecy, and on that alone the court indulged a presumption against the trustees, and on that presumption issued a writ of injunction. The writ of injunction is an equitable right based on facts, not presumptions showing that unless restrained grave injustice would be done the petitioners unless relief was granted which could not be obtained from the law. The writ is usually protective and preventative. Joyce on Injunctions, §§ 2a, 13, and 14. The one seeking an injunction must have no adequate legal remedy, and must come into court with clean hands. No man can come into a court of equity to restrain the collection of taxes when he is a delinquent and refusing to pay the

taxes. There is in the bill no offer to pay the taxes or any part thereof, but they come with the desire to hinder and delay the taxes, and a court of equity should not assist them in this unpatriotic purpose. State Railroad Tax Cases, 92 U. S. 575, 616, 23 L. Ed. 663. No one is seeking relief from this imaginary contract except men who are failing and refusing to assume the burdens placed upon all law abiding citizens. There is no claim that the taxes are unjust and levied contrary to law. It is a rather unique situation when the man who refuses to pay taxes assumes the role of protector of the rights of taxpayers.

Undoubtedly the trustees have the authority to employ assistants to collect delinquent taxes, and if necessary employ the services of an attorney, if suits become necessary. It will not be presumed that any effort will be made to pay fees to the collector or attorney in excess of those permitted by statute. Chapter 29, p. 76. Special Laws, Regular Session 37th Legislature in 1921. A court of equity will not interfere with the exercise of the discretion of officers within the limits of the law. Courts will not substitute the opinions and desires of delinquent taxpayers for those of officers empowered to force the collection of delinquent taxes. Dillon, Mun. Corp. (5th Ed.) vol. 1, § 242.

The judgment of this court is that the order granting the temporary writ of injunction be reversed and set aside and held for naught, and appellants recover of appellees all costs in this behalf expended.