rendered thereon is null and void. Art. 2022, R.C.S.1925; Martinez et al. v. Watson, Tex.Civ.App., 21 S.W.2d 54, and authorities therein cited.

The judgment is reversed and the cause remanded.

### BELL v. MANSFIELD INDEPENDENT SCHOOL DIST.
#### No. 13967.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 20, 1939.

Rehearing Denied Feb. 17, 1939.

R. C. McBroom, of Fort Worth, and Bell, Goode, Heinen & Miller, of Dallas, for appellant.

Harry C. Crump, Jr., of Dallas, for appellee.

BROWN, Justice.

Appellant, Claude D. Bell, a licensed attorney at law, on March 17th, 1937, contracted with the Trustees of Mansfield Independent School District, the appellee, a municipal corporation, existing by virtue of the laws of the State of Texas, whereby and whereunder the said appellant should undertake to collect the delinquent taxes due such school district, and for such services, in addition to others attendant upon a proper discharge of such duties, appellee agreed to pay appellant 20% of all amounts collected as compensation for his services.

Appellee paid appellant on such basis for all sums that were collected except the commissions alleged to be due on the sum of $230.80, all of which appellee refused to pay and refused to further act under the said contract.

Appellant brought suit for the unpaid commissions, alleged that a large amount of delinquent taxes are yet outstanding and unpaid, that he is ready, able and willing to carry out and perform the duties resting upon him by reason of his employment, and he prayed for judgment for the commissions then due and unpaid and for a mandatory injunction and mandamus requiring such school district to deliver a voucher to him for the commissions earned "and to continue the issuance and delivery of proper vouchers to the plaintiff as long as he continues to perform and discharge the obligations of his contract of employment and as and when his fees accrue and become due under the terms of said contract and until the remaining amount of delinquent taxes, penalty and interest in the approximate sum of $6,000.00 shall have been collected, and for such other relief, both general and special, in law and in equity, to which he may show himself entitled."

Appellee defended, urging that the contract is illegal and void under the recent decision by the Supreme Court in the case of City of South Houston v. Dabney, 120 S.W.2d 436, 440.

The cause was tried to the district court and judgment was rendered denying appellant the relief sought.

We believe the judgment of the trial court is correct.

As we view the matter, the only question before the trial court was the right to recover the 20% commission on the $230.-80, which had been collected.

In the decision by the Supreme Court, mentioned supra, Articles 7343 and 7335, Revised Civil Statutes, are quoted in full and construed thoroughly. This language is used in discussing the provisions of Art. 7343: "With reference to the language contained in the concluding clause of this article, it may be conceded for the purpose of discussion that such language, standing alone, is sufficiently broad to embrace any authority provided by some other statute for the employment and compensation of an attorney for the collection of state and county taxes which are delinquent; but, however this may be, it is reasonably certain, in view of other terms of said article, that the concluding clause does not contemplate any other authority for the employment and compensation of an attorney for the collection of delinquent taxes than that which is specially provided in the same article in specific relation to delinquent taxes due a city or town or an independent school district."

In the article under discussion (Art. 7343, R.C.S.) this language is used and was being construed by the Supreme Court: "The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes."

In the Dabney suit, the contract was for 25% of the taxes, penalties and interest collected and in the instant suit the contract is for 20% of such sums collected.

The Supreme Court has held that Dabney could only lawfully contract for the statutory fees as now fixed, and it is apparent that appellant could not lawfully contract for compensation other than that so fixed.

There is yet another reason why the judgment of the trial court is correct. The substance of appellant's case, sifted down, is to require specific performance of his contract with appellee. This was a contract for personal services to be performed. Specific performance of such a

868

contract cannot be enforced by the courts. When such a contract is wrongfully breached, the aggrieved party is relegated to an action for damages.

Mr. Justice Speer, speaking for this court, in Birdville Independent School District et al. v. Deen, 114 S.W.2d 628, in an able opinion, reviews many authorities, and the opinion is decisive of the case before us.

We do not mean to hold that appellant cannot recover the statutory fees he may have earned in the collection of the $230.-80 in controversy, on a quantum meruit basis.

The judgment of the trial court is affirmed.