**WILBURN et al. v. CITY OF LADONIA et al.**

**No. 5564.**

Court of Civil Appeals of Texas. Texarkana.

Feb. 9, 1939.

G. C. Harris, of Greenville, and C. C. McKinney, of Cooper, for appellants.

Bell, Goode, Heinen & Miller, of Dallas, Cunningham & Lipscomb, of Bonham, and Saner, Saner & Jack and Alfred Sallinger, all of Dallas, for appellees.

HALL, Justice.

On November 29, 1937, the City of Ladonia, Texas, entered into a contract, pursuant to an ordinance theretofore duly passed, with Claude D. Bell to collect for said city delinquent taxes owing to it, and in which contract it agreed to pay to Bell for his services 20% of the delinquent taxes, penalties, and interest so collected by him. This suit was brought by a number of alleged tax-paying citizens of said city against Claude D. Bell and the City of Ladonia for injunction restraining said city and Bell from performing said contract. The principal ground alleged for setting aside the contract was, in substance, that said contract was illegal and void as being in conflict with statutes regulating the collection of delinquent taxes due cities and towns. A temporary injunction was granted June 24, 1938, restraining appellees from proceeding further in the collection of delinquent taxes under the contract between Bell and the City of Ladonia. Appellees filed their answer and motion to dissolve the temporary injunction, and in addition to the numerous exceptions, none of which seem to have been acted upon by the trial court, alleged that appellants being delinquent in paying their taxes to the City of Ladonia, they were in no position to make an attack upon the contract between Bell and said city. "And," as summarized in appellees' brief, "had no public, private nor justiciable interest in the subject matter of said suit, that their number was not sufficient when compared to the total number of citizens of the city to constitute a class suit, nor was their property when compared to the total amount and value of all the property in the city sufficient to constitute an average or representative amount there-

of. That said suit was filed solely as a defensive measure and as a method of escaping the payment of the delinquent taxes the plaintiffs owed." Appellees also specially denied all the allegations of appellants' petition. After a full hearing the motion to dissolve the temporary injunction was granted and appellants have appealed to this court.

Appellants' second proposition is: "Where a city, by and through its officers enters into a contract with an attorney for the collection of delinquent taxes and agrees to pay such attorney twenty per cent (20%) of all such taxes over a period of years, such contract is void and its performance should be restrained, and the court abused its discretion in dissolving its temporary injunction restraining the performance of the contract."

This proposition presents the controlling question here. The contract sought to be set aside in this case is in all material respects similar to the one declared illegal and void in the recent case of City of South Houston v. Dabney, 120 S.W.2d 436, decided by the Commission of Appeals, and Claude D. Bell v. Mansfield Independent School District, 124 S.W.2d 866, recently decided by the Fort Worth Court of Civil Appeals and should meet with the same fate in a suit brought by the proper parties. But the situation here as to parties is different. We have a number of persons owing delinquent taxes instituting this suit, independently of the city's suit against them for delinquent taxes, to set aside the contract made by the governing body of said city for the purpose of enforcing the collection and payment of taxes they and all other delinquents owe. None of the appellants in this suit had paid or tendered payment of their taxes to the city. An effort was made by appellants to show that one of their number tendered the amount of taxes owing by him to the city secretary, but this testimony was by the trial court ruled out, and no exception was reserved to his action in so doing. It was held in the case of Donna Independent School District v. Sanders, 57 S.W.2d 857, in an opinion by Chief Justice Fly of the San Antonio Court of Civil Appeals that "No man can come into a court of equity to restrain the collection of taxes when he is a delinquent and refusing to pay the taxes. There is in the bill no offer to pay the taxes or any part thereof, but they come within the desire to hinder and delay the taxes, and a court of equity should not assist them in this unpatriotic purpose." Cited in support of the above holding is State Railroad Tax Cases, 92 U.S. 575, 616, 23 L.Ed. 663. To the same effect is the holding in the recent case of McCollum v. City of Richardson, Tex.Civ.App., 121 S.W.2d 423, writ dismissed. The record in this case shows that suits had been filed against appellants by the city by its employed counsel, Bell, and this application for injunction could have but one ultimate purpose—to defeat or delay collection of delinquent taxes owing by appellants, and this, in our opinion, they could not do. Suppose the city's contract with Bell is illegal, as being repugnant to R.S. Article 7343, still appellants, as delinquents, would suffer no injury for the simple reason that they have not tendered to the city the taxes which they legally owe it. Had appellants paid or tendered payment of the delinquent taxes due by them to the city before or at the time of the institution of this suit, in our opinion, they could have maintained same, and the trial court would have been justified under the facts of this case and the holding in the cases of South Houston v. Dabney, supra, and Claude D. Bell v. Mansfield Independent School District, supra, in annulling the contract attacked herein. This would also have been the effect of a suit brought by the City of Ladonia to set aside said contract.

Moreover, the granting or refusing of an injunction is within the sound discretion of the trial court, and his decision in such matter will not be disturbed on appeal, unless it clearly appears from the record that such discretion has been abused. We conclude, therefore, that the trial court under the facts in this case did not abuse its discretion in dissolving the temporary injunction theretofore granted. This holding shall in no wise prejudice the rights of the City of Ladonia or its tax-paying citizens, should they so desire, from attacking this contract in another suit.

The judgment is affirmed.