Thomas J. McHALE et al., Appellants,

v.

COPPELL INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 16355.

Court of Civil Appeals of Texas.

Dallas.

June 19, 1964.

Rehearing Denied July 24, 1964.

Witts & Ewing, Dallas, for appellants.

Spafford, Freedman, Hamlin, Gay & Whitham, Dallas, for appellees.

DIXON, Chief Justice.

Appellants Thomas J. McHale and sixteen other persons on July 3, 1963 filed this class suit against appellees Coppell Independent School District and its Trustees and its Tax Collector. Appellants seek (1) a writ of mandamus directing the School District and its administrators to perform their lawful duties in the assessing and collecting of ad valorem taxes for the year 1963; and (2) an injunction enjoining the District and its administrators (a) from further utilizing an illegal scheme of taxation referred to as the "Leslie Scheme" which has been used in the past; and (b) from issuing or selling bonds based on fictitious and unlawful property valuation under the "Leslie Scheme."

Appellees filed a general denial and later a motion for summary judgment. The motion was sustained and on August 20, 1963 judgment was rendered dismissing appellants' suit.

In their motion for summary judgment appellees allege that the School District through its Board of Trustees on July 19, 1963 had officially adopted a formal order outlining and specifying in detail its procedure, plan and system to be used in assessing and collecting ad valorem taxes on all property located in the School District for the year 1963 and subsequent years. The existence and verity of said formal

order is supported by the affidavit of S. P. Leslie, President of the Board of Trustees of the School District, and is further evidenced by a certified copy of the formal order itself. This plan meets all the complaints lodged by appellants against the "Leslie Scheme."

The formal order is lengthy. We see no need to describe it at length. Suffice it to say that the plan and procedure outlined in the formal order are not attacked by appellants. The plan and procedures comply with the requirements of Art. 8, Secs. 1 and 2 of our State Constitution, Vernon's Ann.St., the general laws of the state, and with the 14th Amendment to the Constitution of the United States. Appellants in effect admit as much. They say "The mere fact that *the Trustees' order directs the implementation of a proper tax scheme* does not mean that it will be so done." (Emphasis ours.)

In two points on appeal appellants assert that there exists a material issue of fact. However, a study of the record shows that appellants are attacking only the so-called "Leslie Scheme" alleged to have been followed in the past. We need not pass on the question whether the "Leslie Scheme" was illegal, for appellants do not seek relief for any irregularities that may have occurred under the "Leslie Scheme." And the "Leslie Scheme" has been superseded by the new plan outlined in the formal order of July 19, 1963.

Appellants cite us to the case of City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820. That case is not in point here. The City of Houston in a test case had adopted an illegal plan which it proposed to adhere to, and the court properly issued an injunction.

In the instant case the School District has adopted a plan for 1963 and subsequent years which appellants admit is a valid and legal plan and which meets the very requirements set out in the appellate court's opinion in the Houston case. There the plaintiffs achieved their goal by injunction. Here they have achieved it by voluntary action on the part of the taxing authorities.

We shall not presume that the taxing authorities will not carry out their formally adopted plan of taxation, or that they will refuse to perform their duties according to law. To the contrary it is to be presumed that they will so perform their duties. The record before us contains nothing to rebut the presumption. Donna Independent School District et al. v. Sanders, et al., Tex.Civ.App., 57 S.W.2d 857.

Appellants' two points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.