ALMON, Justice.
James Wesley Steeley appeals from a summary judgment entered in favor of the defendants, the City of Gadsden (“City”) and a number of its elected officials, in an action for a declaratory judgment and in-junctive relief. Steeley brought this action in his capacity as a taxpayer, to challenge *1279 the City’s acceptance of a bid by Ingram Equipment, Inc. (“Ingram”), to supply it with an automated refuse collection system. He alleged that the bid submitted by Ingram was higher than the one submitted by Rapid Rail Systems (“Rapid Rail”) and, therefore, that the City’s acceptance of Ingram’s bid violated laws governing competitive bidding on public contracts. Ala.Code 1975, § 41-16-50 et seq. Steeley asked the court to declare that the City’s rejection of Rapid Rail’s bid was unlawful and to enjoin the performance of its contract with Ingram.[1]
The City filed a motion to dismiss Stee-ley’s complaint, alleging inter alia, that: (1) Steeley was not a “taxpayer” because he was delinquent in paying his ad valo-rem taxes and therefore lacked standing; and (2) Rapid Rail had failed to submit a bid bond as specified in the City’s invitation to bid and as required by Ala.Code 1975, § 41-16-50(c).
The trial court converted the City’s motion to one for summary judgment and held a hearing, at which affidavits, documentary evidence, and testimony were considered. After the hearing the court granted the City’s motion, holding, inter alia, that Steeley lacked standing and that Rapid Rail had failed to submit a proper bid bond. Steeley’s “motion to reconsider” was denied, and he appeals. He argues that the court erred by holding that he lacked standing; by holding that the bonds submitted by Rapid Rail did not comply with § 41-16-50(c) and the City’s invitation to bid; and by holding a hearing on the City’s motion less than 10 days after he was given notice. Steeley has also filed a motion asking this Court to stay the performance of the contract between Ingram and the City pending the resolution of his appeal. After Steeley’s notice of appeal was filed, Rapid Rail, the unsuccessful bidder, was bought by the Heil Company, Ingram’s supplier of trucks and refuse containers. The City contends that the competing bidders have, in effect, merged, and asks this Court to dismiss Steeley’s appeal as moot.
Because we conclude that the trial court correctly held that Rapid Rail failed to submit a proper bid bond, the judgment is due to be affirmed. However, we do not agree with the court’s holding that Steeley lacked standing. Although that error does not require reversal in this case, the question of when a citizen could lose his status as a taxpayer, and thus, his standing to bring an action under sections like § 41-16-61, has far-reaching consequences and must be addressed.

Standing

Steeley’s action was brought pursuant to Ala.Code 1975, § 41-16-61:
“Any taxpayer of the area within the jurisdiction of the awarding authority and any bona fide unsuccessful bidder on a particular contract shall be empowered to bring a civil action in the appropriate court to enjoin execution of any contract entered into in violation of the provisions of this article.”
(Emphasis added.) The trial court held that because Steeley was delinquent in paying his ad valorem taxes for the years 1987-1989, he was not a taxpayer and therefore lacked standing to bring an action pursuant to § 41-16-61. We do not agree. At the time that he filed his complaint, Steeley was in Chapter 13 bankruptcy and was making regular payments to the trustee handling his case. He presented evidence that the trustee made regular payments to the local tax collector in an ongoing effort to cure his tax delinquency. Steeley’s evidence was not contradicted by the City.
The City argued at the trial level, and continues to contend, that the fact that Steeley was delinquent, standing alone, deprived him of his status as taxpayer. It directs this Court’s attention to one case, Donna Independent School Dist. v. Sanders, 57 S.W.2d 857 (Tex.Civ.App.1933), as support for its argument. We find that case to be inapposite. In Sanders the appellate court reversed an order granting an injunction that had been sought by a num *1280 ber of delinquent taxpayers. The court held that because those taxpayers were delinquent and refused to pay their-taxes, they were not entitled to the relief they requested. 57 S.W.2d at 857-58. Unlike Steeley, the taxpayers in Sanders were not debtors under the Bankruptcy Act or Code, and there is no evidence that Steeley has refused to pay his taxes.
The bankruptcy laws enacted by the federal government are remedial in nature and are intended to give debtors a fresh start, unhampered by the pressure and discouragement of pre-existing debt. Perez v. Campbell, 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971). Governmental units are expressly prohibited from discriminating against a debtor solely because he has sought the protection afforded by those laws. Perez, supra; 11 U.S.C. § 525; In re Layfield, 12 B.R. 846, 850 (Bkrtcy.N.D.Ala.1981). As a result, a debt- or in bankruptcy does not lose his rights as a taxpayer, including his right to bring an action pursuant to § 41-16-61. Id. The court’s ruling on this issue was error. However, for the reasons set out below, that error does not require reversal.

Rapid Rail’s Bid Bond

One of the grounds for the court’s entry of a summary judgment for the defendants was its holding that Rapid Rail had not submitted a proper bid bond, as required by Ala.Code 1975, § 41-16-50(c), and by the City’s specifications in its invitation to bid. Section 41-16-50(c) provides:
“It is further provided that all bidders must furnish a bid bond on any contract exceeding $10,000; provided that bonding is available for such services, equipment or materials.”
Section 12 of the City’s invitation, “Terms & Conditions To Be Complied With By All Bidders,” stated:
“Security in the form of a bid bond equal to five percent (5%) of the total bid must be furnished with all bids of $10,000 or more.”
Rapid Rail did not submit a bid bond that named it as the principal. Instead, it submitted bonds in the name of the truck supplier and in the name of the refuse container supplier that it planned to use if it was awarded the contract. The trial court held that § 41-16-50(c) requires, by its plain language, that the bond submitted be in the name of the bidder. Because the bonds submitted by Rapid Rail were in the name of third parties, the court held, they did not fulfill the requirements of the statute.
We agree. The purpose of the statutory bond requirement is to guarantee that successful bidders honor the terms of their bids. That purpose can be accomplished only if the bidder is the principal on the bond, as the surety’s liability is measured by that of the principal. Phelps v. Dawson, 97 F.2d 339 (8th Cir.1938); 74 Am.Jur.2d Suretyship §§ 24-25, at 27-28 (1974). If, in the instant case, the City had accepted Rapid Rail’s bid, along with the bonds naming the truck and refuse suppliers as principals, it would have had no recourse on the bonds if Rapid Rail had independently breached its obligations. Id. Therefore, the bonds submitted along with Rapid Rail’s bid were not sufficient.
In White v. McDonald Ford Tractor Co., 287 Ala. 77, 248 So.2d 121 (1971), this Court recognized that the authority soliciting bids is in the best position to determine if a bid meets its needs. We also held that the legislature did not intend to remove all discretion from awarding authorities when determining which bid to accept:
“We think that [awarding] authorities should have discretion in determining who is the lowest responsible bidder. This discretion should not be interfered with by any court unless it is exercised arbitrarily or capriciously, or unless it is based upon a misconception of the law or upon ignorance through lack of inquiry or in violation of law or is the result of improper influence.”
287 Ala. at 86, 248 So.2d at 129-30. See also, Mobile Dodge, Inc. v. Mobile County, 442 So.2d 56 (Ala.1983).
Because Rapid Rail failed to submit a proper bond, we conclude that the City did not exercise its discretion in an arbitrary, *1281 capricious, or otherwise improper manner when it determined that Rapid Rail was not the “lowest responsible bidder.” White, supra. Therefore, there was no violation of the competitive bid laws, and the City was entitled to a judgment as a matter of law.
Finally, we note that Steeley argues that he did not receive proper notice that the trial court had converted the City’s motion to dismiss to a motion for summary judgment. However, our review of the record reveals that Steeley did not object to the allegedly insufficient notice. Any failure to comply with the notice requirement set out in Rule 56(c), Ala.R.Civ.P., must be raised at trial or is waived. Kelly v. Harrison, 547 So.2d 443, 445 (Ala.1989).
For the reasons set out above, the judgment of the trial court is affirmed.
MOTION TO DISMISS APPEAL DENIED.
JUDGMENT AFFIRMED.
MOTION TO STAY PERFORMANCE OF CONTRACT DISMISSED AS MOOT.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. Neither Ingram nor Rapid Rail was made a party to this action, and there is no evidence that Steeley owned any interest in either company.